BAXTER and EDMUNDS *vs.* VINCENT, Trustee of MARCY and MORRISON.

ORLEANS
*April,*
1834.

A person residing without this state, and coming within it for a temporary purpose, is not liable to be summoned as trustee, under any of the statutes relating to trustees of absconding, concealed, or absent debtors.

The writ in this case described the trustee as " of Stanstead in the province of Lower Canada," and alleged Marcy and Morrison to be "absent debtors." The trustee stated in his disclosure, among other things, that, at the time of service of the process upon him, and long before, and ever since, he was and had been a subject and citizen in Lower Canada, to wit, at Stanstead aforesaid, having his permanent residence there, and that service was made upon him while temporarily in this state on business. He stated that Marcy and Morrison also lived in Canada, and that his promissory note to them, which had occasioned the process in this case to be instituted, was there given. He therefore insisted that he ought not to be holden to answer to said process. The county court adjudged that he was not amenable to the process; to which decision the plaintiffs excepted.

*Leslie for the plaintiffs.*—This action was commenced under the statute of 1830, which provides, " that whenever any person residing without this state, shall have any money, goods, chattels, rights or credits, with any person or persons in this state, any creditor of such absent person may cause such person or persons having such money, goods or chattels, rights or credits to be summoned by the same process as is provided by previous enactments upon the same subject." And we contend, that plaintiffs are entitled to a judgment against the trustee for the amount due from him to the principal debtors according to his disclosure. For although a third person is permitted to come in under the wing of the trustee, and object that the residence of said trustee exempts him from all liability in this

form of action, we contend that nothing appears from the case which furnishes a defence to the action ; and that the actual residence of trustee, as shown by his disclosure, is immaterial.

This action, as prescribed by the statute, is to be regarded as creating a specific remedy or method, to enforce a legal right ; but not as giving a legal right which did not before exist. The maxim of the civil law is, "render to every man his due ;" and this precept, as laid down by Justinian, is enforced in a variety of ways, according to the statutory regulations of different countries. And if it be urged that this action will not lie, because, if from the disclosure of the trustee, the goods in his possession are out of the reach of process from this court, and therefore the judgment of the court cannot be carried into effect, in a particular instance, we answer,—that the right of action does not depend upon the efficiency of the remedy. It is the misfortune of the plaintiffs, if, after judgment, circumstances prevent them from carrying that judgment into effect. If this is a substantial objection, in this form of action, it is equally forcible in all other actions, where similar circumstances and facts exist, to prevent the party in whose favor judgment is rendered, from prosecuting that judgment to actual collection. The basis of all judgments in the collection of debts is the duty imposed by the civil law, "*Quam Cuique tribuere ;*" and for the purpose of determining an indebtedness there should be an uniformity of principle. But the manner of enforcing the collection is more a question of policy, and may be as various as the condition of the debtor's property.

It will be insisted that this action is in the nature of a proceeding *in rem,* and the garnishee, residing without the jurisdiction of the court, is not amenable in this form of action. This doctrine, however, is not tenable; there can be no analogy between any proceeding of this court against the property in specie, in the hands of a trustee, and the condemnation of the courts of exchequer and of admiralty upon questions of prize, &c. ; because in the latter case the judgment of the court passes the title to the property condemned absolutely against all the world ; while the judgment of this court, in the trustee action, like all other ordinary judgments, is but a security for the original cause of action—and passes no title whatever to the property, nor can any title grow out of it, except through the consequence of the specific remedy, to wit: the sheriff's sale of the property on execution.—3 East. 251—2 Kent's Com. 320.

ORLEANS,
*April,*
1834.

Baxter et al.
*vs.*
Vincent.

ORLEANS,
*April,*
1834.
Baxter et al.
*vs.*
Vincent.

Suppose that a trustee should disclose that he had in his possession specific articles of property belonging to the principal debtor ; after judgment, execution would issue to take that property as the property of the principal debtor in the hands of the trustee, and to dispose of it for the purpose of satisfying the judgment in the ordinary way. Whereas, if it had the effect of a judgment *in rem*, this court would estimate its value, and declare it to be the property of the plaintiff in such suit. And this would, according to the necessary effect of *transit in rem judicatum,* bar all other persons from claiming the property, though the disclosure of trustee might be false, and the real ownership in a third person.

The disclosure of a trustee, discovering articles of specific property in his possession, which belong to the debtor of a creditor, only furnishes facts to enable such creditor to attach the property, which he might do without this process, if he could get his knowledge through any other medium. And I ask, if it should turn out from the answers of the garnishee, that the property in the hands of the principal debtor should consist of the debtor's only cow and ten sheep, if they would or could, condemn that property in satisfaction of the creditor's debt ?

The residence of the garnishee, for all purposes of a judgment between him and the plaintiffs in this suit, is perfectly immaterial, provided we bring him into court, by any of the prescribed rules of law relating to the remedy. His residence in this stage of the enquiry is only to be taken as *descriptio personae.*—1 Eng. Com. Law Rep. 88.—idem 24.

Whether, when in court, he discloses the state of such debtor's property in his possession to be such as will avail the creditor, is another question, and is only applicable to the extent of the remedy. If a garnishee discloses that he has money in his possession, execution issues, as in ordinary cases between debtor and creditor :—See stat. 150. If he discloses that he has specific articles of property, execution issues to take that property in the hands of such garnishee or trustee ; See stat. 151 : and all executions are, from their very language, conditioned, that, if the officer to whom they are directed can, within his precincts, find wherewith to satisfy the same.

We maintain, that if the principal debtor in this case could sustain an action against trustee, upon the note in question, in this court, it is because the court would adjudge an indebtedness cognizable by law, an indebtedness within the jurisdiction

ORLEANS,
April,
1834.

Baxter et al.
vs.
Vincent.

of the court; and unless there is such an indebtedness, no action can be here maintained upon the note. And this argument, if tenable, brings the present case within the letter of the statute providing for this process, when the principal debtor is residing without this state.—See stat. of 1830 p. 6.

It has been ruled by this court upon a former occasion, in the case *Haskell* vs. *Andross*, 4 Vt. Rep. 611, that whoever submits *himself* or his *property* to our jurisdiction, must yield to all the requirements which are made of our citizens, in relation to the collection of debts, or maintaining of suits, and is clearly entitled to all the benefits, exemptions and privileges, to which debtors or suitors, belonging to our state, are subject or entitled.

If, then, a non-resident plaintiff is fully entitled to all the benefits of *local statutes*, and municipal regulations, it is equally clear he must submit to the same, when our citizens, by a suit at law, claim the benefit of them. Change the condition of the parties in this case, and *Vincent* can maintain action against *Baxter & Edmunds*, as trustees of *Marcy & Morrison*, notwithstanding his residence in Canada. For the same reason, and upon the same principles, we contend, that this action can be maintained.

It cannot be objected, that a judgment against trustee, would not protect him against a suit upon this note in Canada; for this is matter into which this court cannot inquire. A judgment, if rendered at all, must be with reference to our own laws.

This court cannot know, whether foreign tribunals will pay any attention to any kind of judgment, by them rendered.

But if the law warrants a judgment, the court is bound to render it. Besides, in the present case, it is strictly a question between two of our own citizens. It is perfectly immaterial to the trustee, to whom he pays the amount due the principal debtors.

The plaintiffs, in this case, are vigilant creditors of Marcy & Morrison—and the party who, in reality, under the wing of the trustee, defends against them, is a negligent creditor of the same debtor, who comes in at a very late hour, and asks for the funds in the trustees hands; so that a decision of this court against the plaintiffs turns a vigilant creditor out of court, without any redress, but gives to the negligent and sleeping credit-

ORLEANS,
*April,*
1834.

or prompt relief. Such a course is opposed to all rules of law and right.

Baxter et al.
*vs.*
Vincent.

*L. Peck for trustee.*—The proceeding in this case is supposed to be founded on the act of 1830 c. 7. There cannot be much doubt, that the person to be summoned, as trustee, under this act, must be an inhabitant of this state. The legislature could never have intended that the act should be so construed as to hold foreigners as trustees, who might be travelling through the state, for pleasure, or on business. A more reasonable and rational construction is to be given to the act. But whatever construction it may receive, there is an insurmountable objection to the proceeding in the present case. The trustee process is a proceeding *in rem.* A *chose* in action is thereby arrested, or in common parlance, attached, and made to answer the debt of the principal. The person entitled by the contract or duty, of the supposed trustee, is thus summoned by the *arrest* of this species of effects. These are, however, to be considered for this purpose as *local*, and as remaining at the *residence* of the debtor, or person entrusted, for the principal; and his rights, in this respect, are not to be considered as following the person of the debtor, to any place where he may be transiently found, to be there taken at the will of a third person, within a jurisdiction where neither the original creditor nor debtor reside.—*Tingley* vs. *Bateman*, 10 Mass. Rep. 343. This court, therefore, has no jurisdiction over the supposed trustee; or, in other words, the debt cannot be seized or affected by this proceeding, it not being within the jurisdiction of the court. When Vincent left Canada, the debt remained where he was domiciled, and as well might he be held trustee of personal property, in his hands, remaining in the province, and belonging to the principal debtors, as of the note in question. Is the position to be countenanced, that personal property, under such circumstances, may be arrested and applied in payment of the creditor's debt? If so, then articles of property must be transported from Europe, or any other quarter of the globe, where the trustee has his domicil, to this state, to be seized and applied on the creditor's claim. This is the necessary consequence of the rule. Such a doctrine is not to be tolerated for a moment. But why not do this, as well as to *arrest* a *chose* in action, in the hands of a foreigner? The principle is the same in

ORLEANS,
*April*,
1834

Baxter et al.
*vs.*
Vincent.

each case.  To establish  the principle urged  upon the court, by the plaintiffs, would throw upon the citizens  of other governments and states, embarrassments and difficulties which it is impossible to foresee, in their  full extent.   How  is this court to know that a judgment against the trustee here, would be any protection against a suit instituted  in his own country, for the recovery of  the very claim, and which  he has been compelled to  pay  here ?  Is it  true, if Vincent, by the judgment of this court, is compelled to pay the note to the plaintiffs, that Marcy & Morrison,  or Cross, their  endorser, cannot collect it in Canada?  The court, then, in order  to hold this defendant as trustee, and to avoid an act which may  force him to  pay  the note a second time, must go into an enquiry as to what are the laws of Canada in this particular ;  so that decisions, in these cases, instead of resting on any general principle, will fluctuate as the laws of different countries  may vary.   If precedent is to guide the decision of this  cause, the case is with the defendant.   By the custom  of London, the garnishee must be suggested to be  a man within  the city ; and it seems that a debt, arising out of the jurisdiction, is not attachable within the city. 1 Rol. 554, l. 25.—3 Lev. 23.  Show. 10.   So in Massachusetts, it is held, that one residing without the state, is not  liable to be summoned as trustee, though he may come within its jurisdiction for a temporary purpose.—*Kidder* vs. *Packard & al.* 13 Mass. R. 81.—*Ray* vs. *Underwood & Haws*, 3 Pick. 302.

*Redfield,* on the same side, confined  himself to an examination of  the several statutes relating to the trustee process, and contended  that they  admitted of no rational construction, by which a person  residing without  this state could be adjudged trustee.

The opinion of the court was delivered by

ROYCE, J.—Wherever the proceeding by foreign attachment, or, as we style it, the factorising or trustee process, is known to prevail, it has its origin either in local custom or statutory provision.  In this state it does not exist except by force of certain statutes, and the present question must therefore depend upon their construction.

The act of October 31, A. D. 1797, which is the first and principal statute on the subject now in force, is not explicit as to the residence of the trustee.  It only enacts,—" That if " any person or persons shall have in his, her or their posses-

Orleans,
*April,*
1834.

Baxter et al.
*vs.*
Vincent.

" sion, any money, goods, chattels, rights or credits, of any per-
" son who shall have secretly absconded from this state, or who
" shall keep concealed within the same, any creditor may cause
" such person or persons, having such money, goods, chattels,
" rights or credits, to be summoned, as trustee or trustees of
" such absconding or concealed debtor," &c. The act goes
on to provide, that upon default of appearance by the trustee,
the charge of his having effects of the principal debtor in his
hands shall be taken and adjudged to be true ; as likewise,
when the fact shall be made to appear by a disclosure of the
trustee, or other proof, in explanation and support of the dis-
closure, or, as the act has been construed, in opposition to it.
And the creditor, having obtained judgment against the princi-
pal debtor, may take execution against such effects in the hands
of the trustee. If the officer holding the execution shall re-
turn the same unsatisfied, with a certificate or return of the trus-
tee's neglect or refusal to expose such effects of the principal
debtor, the creditor may have a rule upon the trustee, to show
cause why execution on the judgment should not issue against
him personally. The act of November 6th, A. D. 1817, ex-
tends the provisions of the former statute to the case, where
" any inhabitant of this state shall hereafter remove out of this
" state, and shall leave any money, goods, chattels, rights, or
" credits to him belonging, with any inhabitant of this state."
And by the statute of November 10th, A. D. 1830, the pro-
visions of the first act are further extended to the case, where
" any person, residing without this state, shall have any mon-
" ey, goods, chattels, rights or credits to him belonging, with
" any person or persons in this state."—In both these cases the
person having such effects is liable to be summoned as trustee.
And under the last statute, the principal debtor is to be descri-
bed in the process as an " absent debtor."

It should be borne in mind, that the proceeding against the
trustee is not an original or distinct action. The direct suit is
between the creditor and principal debtor, and this is but a spe-
cies of attachment, incidental to that suit, and dependent upon
it. And hence the general rule, that any person coming into
this state is allowed to institute, or may be holden to defend, a
transitory personal action, is not conclusive of the question sub-
mitted. The object of these statutes is to furnish a remedy
against the funds and effects of the debtor, when, in conse-

ORLEANS,
*April,*
1834.

Baxter et al.
*vs.*
Vincent.

quence of his having concealed himself, or being beyond the reach of ordinary process, the usual remedies cannot be enforced against him personally. And the course pointed out, to bind the effects for the benefit of the creditor, has been considered as somewhat analogous to proceedings *in rem*, while in the mode of trial it has been likened to a hearing in chancery. A judgment in relation to the effects, whether it be for or against the trustee, is not understood to have the effect of an adjudication as between him and the principal debtor. If the trustee is made liable as such, he is protected against the principal debtor, only to the amount for which he is so charged in favor of the creditor:—in other words, a payment to the creditor in obedience to this process is legalized, *pro tanto*, as if made to the principal debtor.

The statutes evidently presuppose such a jurisdiction over the trustee, that, ordinarily, their provisions may be carried into full execution against him, by the means which they have provided. But these means must prove very inadequate to their object, when neither the trustee nor the effects can be reached by the first execution, nor the trustee served with the necessary process, preparatory to the second and conclusive judgment, against him. And although this consideration might have less weight, in those cases where execution is authorized directly against the trustee in the first instance, yet, as such a case is not to be anticipated, but depends upon the nature of his accountability to the principal debtor, which can only appear by the disclosure or other evidence on trial; the distinction furnishes no aid upon a preliminary point of jurisdiction. If, therefore, the question rested solely upon the statute of 1797, we should incline to decide, that none but persons resident in this state could properly be holden as trustees. This opinion, however, is fortified by both the succeeding statutes. Under that of 1817, the trustee must be " an inhabitant of this state ;" a limitation scarcely to be accounted for, if, under the previous general act upon the subject, any person could be holden as such, who should happen to be found within the state. And the act of 1830, by speaking of the absent debtor as one " having money, goods, chattels, rights or credits to him belonging, with any person or persons in this state," carries a very strong implication, that while the residence of the debtor is without the state, that of his factor, agent, or trustee, is within it. On

ORLEANS,
*April,*
1834.

Baxter et al·
*vs.*
Vincent.

the whole we are satisfied, that the cases cited from Massachusetts have proceeded upon correct views of the trustee process in general; and in accordance with those views, as well as from what we deem to be a just and obvious construction of our own statutes, we consider that the trustee was properly dismissed.

Judgment of the county court affirmed.