## T. G. BUSH ET AL. *v.* LEWIS M. NANCE.

1. CONFLICT OF LAWS.  *Situs of debt.  Garnishment.*
   A commission merchant's account for advances to a customer in another State
   on consignments to be made is, in the absence of express contract to the
   contrary, payable and subject to garnishment in the State where the merchant
   resides.

2. APPELLATE PRACTICE.  *Errors against successful party.*
   An appellee cannot assign for error that demurrers were sustained to his pleas
   to the appellant's claim, but in order to present in the appellate court rulings
   adverse to his interest he must take a cross-appeal.

3. ATTACHMENT.  *Seizure of plaintiff's property.*
   When a plaintiff in attachment establishes his ownership by assignment of the
   property seized, he proves that the court has no jurisdiction to try an issue
   as to priority of lien between his and another attachment.

4. GARNISHEE.  *Cited beyond his own State.*
   No man can be cited as garnishee beyond the jurisdiction of his own State,
   unless he holds property or owes a debt due and payable in the jurisdiction
   where garnished.

APPEAL from the Circuit Court of Lowndes County.

HON. JAMES M. ARNOLD, Judge.

*Orr & Sims,* for the appellant.

If the advances were made at Mobile, Alabama, to James Nance, a resident of Mississippi, the law, in the absence of an express contract as to the place for re-payment, implied a contract that the place should be Mobile. *Guillander* v. *Howell,* 35 N. Y. 657; *Coolidge* v. *Poor,* 15 Mass. 427; Story Confl. Law, §§ 283, 287. Being there payable, the garnishee, James Nance, was subject to the garnishment issued in the appellant's behalf and served upon him at Mobile. Rorer on Inter-State Law 128, Drake on Attachment, §§ 451, 474. The eighth charge was erroneous in assuming that testimony had been given to the effect that James Nance might pay where he pleased. No such language was used by any witness. He was told that he could do business on his own terms, but he made no terms to pay elsewhere than at Mobile. The assignment to the appellee is unavailable in this suit even if valid against the prior garnishment.

*J. E. Leigh,* for the appellee.

1. The eighth charge was in accordance with authority and an-nounced the proposition that usage controls only in the absence of contract. *Hendricks* v. *Robinson,* 56 Miss. 694. A contract with-out limitations existed as to the place of payment. Custom cannot fix the situs of a debt. *Brown* v. *Foster,* 113 Mass. 136 ; Lawson on Usages and Customs 413, 417, notes, § 205 *et seq.* Usages must be general in order to be binding. *Schlessinger* v. *Dickinson,* 5 Allen 47 ; *Walsh* v. *Frank,* 19 Ark. 270 ; *Porter* v. *Hill,* 113 Mass. 106 ; Lawson on Usages and Customs 15, 20, 17, notes, §§ 1, 3. A custom to be binding must be brought home to the knowledge of the person to be affected. *Farmers' Bank* v. *Sprague,* 52 N. Y. 605 ; *Stevens* v. *Reeves,* 9 Pick. 198 ; *Womersley* v. *Dally;* Lawson on Usages and Customs 5, 44, 49, notes, §§ 18, 19. Judge Story has announced that these usages of trade, often based upon mere mis-take, should be sparingly adopted as rules of court. *The Schooner Reidode,* 2 Sumner 567 ; *Donnell* v. *Columbian Ins. Co.,* 2 Sumner 367.

2. On the evidence, the verdict is right, and it will not be disturbed for an error in the instruction, even if one exists. *New Orleans Railroad Co.* v. *Field,* 46 Miss. 580 ; Hilliard on New Trials 46, § 8. The weight of the evidence is to be determined by the jury. Hilliard on New Trials 246, § 72, and cases cited. Appellants who rely on a question of fact to reverse a verdict must make a clear case. *Buckingham* v. *Walker,* 48 Miss. 630. The court cannot review and correct errors in the verdict. *American Ins. Co.* v. *Mahone,* 56 Miss. 180. If the verdict is right, there is nothing to be relieved against. *Tusk-Ho-Yo-Tubby* v. *Barr,* 45 Miss. 198 ; *Wilson* v. *Kohlheim,* 46 Miss. 374 ; *New Orleans Railroad Co.* v. *Buck,* 53 Miss. 227. When the judgment is correct upon the evidence it should be affirmed. *Gavigant* v. *State,* 55 Miss. 533 ; *Bower* v. *Henshaw,* 56 Miss. 619 ; *Tierney* v. *Duffy,* 59 Miss. 364. Unless James Nance owed money payable at Mobile the garnish-ment there could not be sustained. Drake on Attachment, § 474, note 3 and cases cited. The situs of the debt was the residence of the debtor, and it was never within the jurisdiction of the courts of Alabama. *Levy* v. *Levy,* 21 Am. Rep. 36 ; Drake on Attach-

ment, §§ 462, 463 and cases cited.   Again the debt was assigned
to Lewis M. Nance prior to the garnishment, and the assignee's
right is superior.   *Kelly* v. *Freeman,* 50 Miss. 130.   A garnish-
ment is in the nature of a proceeding in chancery.   Drake on Attach-
ment, § 474.   Law courts will take notice of equitable assignments
and protect them.   1 Wait's Actions and Defenses 350, 360, 364.
An open account may be assigned verbally.   *McCutchen* v. *Rice,*
56 Miss. 455 ; *Hutchinson* v. *Simon,* 57 Miss. 628 ; *Bush* v. *Foote,*
58 Miss. 5.   The intention and understanding of the parties to an
assignment that it shall operate as such is alone necessary to its
validity.   *Pass* v. *McRae,* 36 Miss. 143.   After the assignment,
Bush, Yates & Co. had no property in the debt subject to seizure.
*Lee* v. *Neeman,* 55 Miss. 365; Drake on Attachment, §§ 517, 528.
A person can sue on a promise made to another for his benefit.
*Lawrence* v. *Fox,* 20 N. Y. 272.   From a promise made to a
debtor to pay the creditor, the promise to the latter is implied.
*Farley* v. *Cleveland,* 4 Cowen 432 ; *Cleveland* v. *Farley,* 9 Cowen
639.   An oral promise is as effectual as one in writing.   *Barker* v.
*Raklin,* 2 Denio 45 ; *Hudson Canal* v. *Winchester Bank,* 4 Denio
97.   A garnishee's liability is determined by his accountability to
the defendant in attachment.   Drake on Attachment, § 577, note
1 and cases cited.   The assignment was binding although the debtor
was garnished before payment.   *Mayhew* v. *Scott,* 10 Pick. 54 ;
*Riddle* v. *Varnum,* 20 Pick. 280 ; *Lundie* v. *Bradford,* 26 Ala. 512 ;
*Wall* v. *Wall,* 30 Miss. 97 ; 2 Greenl. Evid., § 297 ; Drake on
Attachment, §§ 517, 526.   An assignment of a chose in action in a
foreign jurisdiction is valid as against a subsequent garnishment
there.   *Noble* v. *Thompson Oil Co.,* 21 Am. Rep. 35, 66.   If
neither Bush, Yates & Co. nor James Nance resist the payment to
the appellee, no objection can be heard from the appellants.
*Whitney* v. *Connor,* 55 Miss. 644 ; *Rolle* v. *Andes Ins. Co.,* 23 Gratt.
572 ; Drake on Attachment, § 452.

Chalmers, J., delivered the opinion of the court.

On 17th of March, 1881, James Nance, a citizen of Lowndes
County, Miss., was in Mobile, Ala., for the purpose of having a

Continuance of the opinion.

settlement with his commission merchants, Bush, Yates & Co., a commercial firm in that city, who were known to be in failing circumstances. The books of the firm were already in the hands of the sheriff of Mobile County, and it was impossible to ascertain the exact state of the accounts; but knowing that James Nance would owe something, the firm requested him to pay whatever sum might be found due to his brother, Lewis M. Nance, to whom they were largely indebted and whom they desired to protect. This James Nance promised to do. One hour after this assent had been given and this agreement had been entered into, and before any knowledge of it had been communicated to Lewis M. Nance, a writ of garnishment was served in Mobile upon James Nance by T. G. Bush & Co., attaching creditors of Bush, Yates & Co.

The following day James Nance returned to Lowndes County, Miss., and was there on said day garnished by Lewis M. Nance, who resided there, and who had likewise sued out an attachment against Bush, Yates & Co. To this latter garnishment James Nance answered, detailing the agreement between himself and Bush, Yates & Co., narrating the service of the garnishment upon him in Mobile, stating the amount due by him at seven hundred and seventy-one dollars, which amount he paid into court, and asking that the parties might be compelled to interplead. T. G. Bush & Co. propounded their claim to the fund paid into court, which they based upon their prior attachment and garnishment in Mobile, filing with their claim a duly authenticated transcript of the record from that State.

In response to their claim L. M. Nance pleaded, first, that as non-residents of this State they could not interplead here; second, that the debt due by James Nance had been assigned to L. M. Nance by the agreement between the former and Bush, Yates & Co., previous to the attachment and garnishment of the suit of T. G. Bush & Co., in Mobile; third, that James Nance, at the time of said garnishment, was a citizen of Mississippi, transiently and temporarily in Alabama, having in his hands no property of Bush, Yates & Co., and owing them no debt *payable within said State*, and was therefore not garnishable there.

To the first and second of these pleas demurrers were sustained by this court. Upon the third the claimants took issue, and the trial resulted in a verdict and judgment in favor of the attaching creditor, L. M. Nance, from which the claimants, T. G. Bush & Co., have appealed.

The rulings of the court in the demurrers are not before us and cannot be considered, because those rulings were adverse to the plaintiffs in attachment, who had verdict and judgment despite the action of the court upon them, and therefore cannot assign error at all, and the claimants, who appeal cannot complain of them because the rulings upon them were in their favor. The single issue of fact submitted to the jury was whether James Nance owed to Bush, Yates & Co. a debt payable in Alabama, T. G. Bush & Co. asserting that he did; and L. M. Nance that he did not. It is conceded that if he did not, he was not subject to garnishment in that State, and that the writ served on him there was a nullity, and that this is the law seems settled by the authorities. The reason is that the court entertaining a garnishment must have some jurisdiction over the thing garnished, and where the garnishee is a non-resident, has in his hands no property belonging to the principal debtor, and owes him nothing payable within the State, the jurisdiction is defeated. Such is the well-settled law. Drake on Attachment (5th Ed.), §§ 474-5, and cases cited.

It is equally well settled that where advances are made by a commission merchant who is in the habit of receiving from and selling goods for a customer resident in another State, any balance of accounts due such merchant is payable where he resides and not at the home of the consignor. This results from the reasonable presumption springing from the nature of the business, it being contemplated that all advances shall be met by consignments made or to be made, and the business implying in its very nature that the consignments are to be forwarded to the place where they are to be sold. Any balance that may remain must be considered as payable there, unless there be between the parties an express contract to the contrary; and to this effect are all the authorities.

There was no proof in the case at bar to suggest that there was any contract, agreement, or understanding to vary the well-settled law in this regard. Indeed, every witness who testified in relation to the matter stated that nothing had ever been said on the subject between James Nance and Bush, Yates & Co.

. James Nance, indeed, testified that when the merchants first sought his business they wrote him " that he could do business on his own terms," but he does not pretend that he ever claimed that balances due by him were payable in Mississippi, and he states that he paid exchange on all sums remitted to him, thereby conceding that the advances were considered as paid to him at Mobile; and he expressly declares that no agreement was ever made varying the general law as to the place of re-payment. The verdict on the sole issue joined was therefore entirely without evidence to support it and should have been set aside. It may, perhaps, in some degree have been produced or influenced by an erroneous phrase in the eighth charge given by the court for the plaintiff, to which charge the claimant excepted.

Referring to the testimony of James Nance, that Bush, Yates & Co. had promised that " he might do business on his own terms," the court added the words, " and pay where he pleased."

The added words had not been used by the witness, nor were they inferrable from the words actually used in the absence of anything to indicate that the words actually used were so intended or so understood by the parties at the time. The charge was to this extent erroneous.

Counsel for appellee contends with great earnestness that Lewis M. Nance acquired a perfect title to the money in controversy by the assignment of the debt due by James Nance to Bush, Yates & Co., effected by virtue of what passed between these parties before the garnishment in Mobile.

This question cannot be considered for two reasons, first, because the court below held otherwise, and an appellee without a cross-appeal cannot in this court assail the actions or rulings of the court below, and, second, because the appellee could not in this proceeding have assumed such position even in the lower

court. This is an attachment suit and garnishment instituted by him.

The very foundation of this action is that this money belongs to Bush, Yates & Co., non-resident defendants, whom he seeks to reach by garnishing a debt due them. If that debt had ceased to belong to them and had ·become his property by assignment before the suing out of this attachment, they are not in court, and neither the circuit court nor we ourselves have any jurisdiction.

*Judgment reversed, and cause remanded for new trial.*