### B. BALK v. ISAAC H. HARRIS.

(Decided May 24, 1898 )

*Garnishment — Jurisdiction — Payment by Garnishee Without Compulsion—Evidence—Statute Laws of Another State.*

1. A book purporting to be the publication of the Statute laws of another State, and to be published by the authority of such State, is admissible as evidence of such laws.

2. The exemption laws of this State protect the property of a debtor in this State from exemptions issuing from the Courts of this State, and (by Congressional action) from the Courts of the United States, but have no extra-territorial force so as to protect such property when in another State from the operation of its laws.

3. Where a Court of another State in attachment proceedings against the property of a resident of this State acquired no jurisdiction by reason of the failure of the affidavit upon which the warrant was issued to state that the defendant had property in that State, the judgment of such Court can be collaterally attacked in the Courts of this State.

4. A voluntary payment, by a garnishee to the attaching creditor in another State of a debt due by such garnishee to the defendant in this State, will not discharge him from liability to the latter.

CIVIL ACTION tried before *Timberlake, J.*, and a jury at Fall Term, 1896, of BEAUFORT Superior Court on appeal from the judgment of a Justice of the Peace. The facts appear in the opinion. There was judgment for the defendant and the plaintiff appealed.

*Mr. John H. Small*, for plaintiff (appellant).
*Mr. Chas. F. Warren*, for defendant.

CLARK, J.: The plaintiff and defendant resided in North Carolina, and the latter was indebted to the former in the sum of $180 for borrowed money, presumptively payable here. Harris while on a visit to Balti-

more was served with notice of garnishment by Jacob Epstein in a proceeding instituted by said Epstein against Balk in the Superior Court of Baltimore City. No service of the summons was made upon Balk. Harris testifies that he gave no bond to appear or pay the money, and employed no lawyer, though the record shows that counsel assuming to appear for him, joined Epstein's counsel in asking that judgment be entered up. After his return home, hearing that judgment had been taken against him in Baltimore, no execution being issued, he paid the $180 to Epstein's lawyer here to be remitted to Baltimore.

In this action, the plaintiff excepted on the ground that, (1) The Court in Baltimore not having acquired jurisdiction against him by service of process or attachment of property, the garnishment against Harris was a nullity. (2) That Harris having paid voluntarily and not under compulsion was not discharged from his liability to the plaintiff. (3) That the money loaned defendant was proceeds of sale of his personal property exemptions. (4) That the Court here erred in admitting as evidence the printed volume purporting to be the Public General Laws of Maryland and to be published by authority of the said State.

The last exception cannot be sustained, for *The Code*, Section 1338, makes such book, purporting to be published by the authority of another State, evidence of its statute law. *Copeland* v. *Collins*, at this term.

The third exception has no force, for our exemption laws can have no extra territorial force. *Railroad* v. *Maggard*, 6 Colo. 85; Story Con. Law, Section 539. They are merely exemptions from executions issued by the Courts of this State, and by virtue of Congressional

122—5

enactment are also protected as to executions issued by the United States Court in this State.

But, as to the first two exceptions: In the proceedings instituted by Epstein in the Superior Court of Baltimore against Balk, a non-resident, the latter could only be brought into Court by service of process personally, or by attachment of his property in that State. *Pennoyer* v. *Neff*, 95 U. S., 714; *Bernhardt* v. *Brown*, 118 N. C., 700; *Long* v. *Ins. Co.*, 114 N. C., 465; and it must appear affirmatively by affidavit, as the basis of such proceeding, when the defendant is a non-resident, that he has property in said State. *Wilson* v. *Seligman*, 144 U. S., 41; *Bacon* v. *Johnston*, 110 N. C., 114. An examination of the certified transcript from the Superior Court of Baltimore shows that Epstein's affidavit does not aver that Balk had any property of any description in Maryland, but merely that he was a non-resident of said State. The Maryland Court therefore acquired no jurisdiction upon which an order affecting Balk could be issued, and, this being a jurisdictional defect, the judgment of the Maryland Court can be collaterally attacked in this proceeding. *Pennoyer* v. *Neff, supra*; *Springer* v. *Shavender*, 118 N. C., 33.

Furthermore, the payment by Harris was not made under compulsion, but voluntarily, by paying the amount to Epstein's lawyer in North Carolina after his return to this State. Such payment by a garnishee cannot protect him against the claim of his creditor. Drake on Attachment (5th Ed.) Section 711 (3).

It is true Harris says that he feared that the judgment in Maryland would prevent his goods being shipped to him, but he did not show that he had any goods, nor that any execution issued, nor that they were levied on. He, himself, was under no bond or obligation to appear at

Court in Baltimore or to pay the judgment. His voluntary payment, remitted to Epstein, will not discharge his legal liability to the plaintiff to pay the money he borrowed of him.

The plaintiff further raised the point that the *situs* of the debt being with the creditor in North Carolina where both Balk and Harris resided, and where the debt was payable, Balk had no property in Maryland liable to attachment by reason of the mere fact that his debtor (Harris) was transiently in that city. This is a very interesting question, and there is a great weight of authority to sustain that view, but not without some decisions looking the other way, many of which, on both sides, are collected in the notes to *Illinois Central Railroad Co.* v. *Smith*, 19 L. R. A., 577. It is unnecessary however in this case, that we discuss it.

Error.