## H. BALK v. ISAAC H. HARRIS.

(Decided April 18, 1899).

*Attachment—Garnishment—Situs of Debt.*

1. For the purpose of an attachment the *situs* of a debt is where the debtor resides.

2. As a general rule, the Courts of a State can not by service of process upon an inhabitant of another State, transiently within their jurisdiction, charge such person as garnishee; but if when so served the garnishee have in his possession, within the State, money or property of the defendant, or has contracted to pay money or deliver property within such jurisdiction, he may be charged.

3. The Court entertaining a garnishment must have some jurisdiction over the thing garnished.

PETITION TO REHEAR case reported in 122 N. C., 64.

*Mr. Charles F. Warren,* for petitioner (defendant).
*Mr. John H. Small,* contra.

BALK *v.* HARRIS.

CLARK, J. This is a petition to rehear the decision reported in 122 N. C., 64. The judgment of another State condemning the debt due by Harris to Balk can only be recognized as valid here when that Court acquired jurisdiction. It was not founded on personal service, but it is contended that the Maryland Court acquired jurisdiction by attaching the debt due Balk by serving notice upon Harris, who was transiently in the city of Baltimore. The *situs* of the debt for purposes of taxation, and usually for all purposes, is with the creditor. But there are many States whose Courts hold that for the purposes of attachment the *situs* of the debt is at the residence or domicil of the debtor. The conflicting authorities are summed up and arrayed in the notes to *Railroad v. Smith*, 19 L. R. A., 577, whose accomplished editor sums up a careful review of the authorities as follows: "The true doctrine seems to us to be that no jurisdiction can be obtained to condemn a debt due to a non-resident unless jurisdiction of his person is obtained, that is, that the *situs* of the debt for the purpose of garnishment is at the residence of the creditor. To hold that such *situs* is with the debtor seems against reason because he has no property in the debt and because it allows a proceeding to condemn one's property to be prosecuted without notice to him, or representation by any one who cares for the protection of his interests. Such a proceeding seems unworthy to be called due process of law." There is logic and force in these views if it were an open question with us, but North Carolina is one of the States whose Courts have held that for purposes of an attachment the *situs* of a debt is where the debtor resides. *Cooper v. Security Company*, 122 N. C., 463; *Winfree v. Bagley*, 102 N. C., 515.

The apparent inconsistency or hardship of such ruling is much lessened by the uniform holding by courts of that

line of thought that the attachment of the debt can only be made where the debtor resides, and can have no validity if levied upon him when only passing through or transiently in another State. It is thus stated in 8th Am. and Eng. Enc., 1129, 1130: "Choses in action upon which the garnishee is liable are not to be considered as following the former wherever he may be transiently found, to be there taken, at the will of a third person, within a jurisdiction where neither such debtor nor his creditor resides. As a general rule, therefore, the Courts of a State can not, by their service of process upon an inhabitant of another State transiently within their jurisdiction, charge such person as garnishee. But if when so served the garnishee have in his possession, within the State, money or property of the defendant, or has contracted to pay money or deliver property within such jurisdiction, he may be charged." This is sustained by uniform decisions (many of which are there stated in the notes) among many others, *Smith v. Eaton,* 36 Me., 298; *Lovejoy v. Albee,* 33 Me., 415; *Sawyer v. Thompson,* 24 N. H., 510; *Baxter v. Vincent,* 6 Vt., 614; *Ray v. Underwood,* 3 Pick., 302; *Hart v. Anthony,* 15 Pick, 445; *Cronin v. Foster,* 13 R. I., 196. In the last case it is said, "When a person transiently in another State is sued for his own debt, it is a different case. But if a person by garnishment is compelled, in order to satisfy a debt not his own, but due from one of his creditors, to pay his own debt in a mode very different from that in which he would otherwise have paid it, it would be a hardship." The Court proceeding admits the recognized exceptions above stated that the foreign Court could acquire jurisdiction by service upon a garnishee transiently within the State: (1) When the garnishee has personal chattels of the debtor with him (which usually could be attached without garnishment); and (2) When the debt due by

BALK *v.* HARRIS.

the garnishee is contracted to be paid within the State. Among other cases to same effect, *Wright v. Railroad,* 19 Neb., 175, in which it is said (p. 182) : "The rule is well settled that garnishment served upon a non-resident of the State, but temporarily within it, is not effectual as an attachment," citing to same purpose *Green v. Bank,* 25 Conn., 451; *Casey v. Davis,* 100 Mass., 124; *Sawyer v. Thompson,* 24 N. H., 510; *Lawrence v. Smith,* 45 N. H., 533; *Nye v. Liscombe,* 21 Pick., 263; *Tingley v. Bateman,* 10 Mass., 343; *Jones v. Winchester,* 6 N. H., 497; *Matthews v. Smith,* 13 Neb., 190; *Danforth v. Penny,* 3 Met., 564; *Gold v. Railroad,* 1 Gray, 424. In *Bush v. Nance,* 61 Miss., 237, it is said that unless the debt of the non-resident garnishee was payable in the State where garnisheed "he was not subject to garnishment in that State, and the writ served on him there was a nullity, and this seems settled law by the authorities. The reason is that the Court entertaining a garnishment must have some jurisdiction over the thing garnisheed, and where the garnishee is a non-resident, has in his hands no property belonging to the principal debtor, and owes him nothing payable within that State, the jurisdiction is defeated. Such is the well settled law. Drake on Attachment (5th Ed.) Section 474-5, and cases there cited." This is sustained by reference to the citation from Drake on Attachment, and also by Waples on Aattachment, 228. There are many other cases to same effect, among them *Squair v. Shea,* 26 Ohio St., 645; *Mobile v. Barnhill,* 91 Tenn., 395; *Bank v. Railroad,* 45 Wis., 172. The defect being jurisdictional, the garnishee cannot waive it "because it is not with him a personal matter, and he has no right to prejudice the defendant. *Rindge v. Green,* 52 Vt., 204; Waples Aattachment, 228; Drake on Attachment, Section 476.

BALK *v.* HARRIS.

Inasmuch as an attachment is in effect a proceeding by the principal debtor (the defendant in the action) in the name of the plaintiff against the garnishee, it is thus properly held even in those courts which hold that the *situs* of a debt for this purpose is with the debtor (garnishee) that the action must be brought where he "resides" or "has his domicile," since it is there that his creditor must have sued him. One or two cases unguardedly say the action may be brought "wherever the debtor (garnishee) may be found" but the context and the facts in those cases show that they mean where he may be found "resident" or "domiciled" as it is expressly held in all cases where the point is made. As upon the uniform authorities above cited and others not necessary to cite, the Maryland Court acquired no jurisdiction as against Balk by service of notice upon his debtor, Harris, who had no tangible property of Balk's in his possession, and was not resident in that State, we reaffirm our former decision, but after the benefit of the able and exhaustive argument upon the rehearing, for an entirely different reason from that given on the first hearing.

Petition dismissed.