## BALK v. HARRIS.

(Filed June 17, 1902.)

1. PLEADINGS—*Supplemental—Puis Darrein Continuance—Judge—Discretion.*

> Where a petition to be allowed to file a plea *puis darrein continuance* does not set forth facts which, if true, would be a bar to a recovery, its allowance is discretionary with the court.

2. PLEADINGS—*Presumption—Supplemental Pleaaings—Puis Darrein Continuance—Judge—Discretion.*

> Where a trial judge refuses to allow a plea *puis darrein continuance*, without assigning any reason, it will be presumed that it was refused as a matter of discretion.

ACTION by B. Balk against I. H. Harris, heard by Judge O. H. *Allen,* at May Term, 1901, of the Superior Court of BEAUFORT County. From a judgment for the plaintiff, the defendant appealed.

*Small & McLean,* for the plaintiff.
*Chas. F. Warren,* for the defendant.

FURCHES, C. J. This is an action commenced before a Justice of the Peace to recover $180, carried from the Justice's Court to the Superior Court, and from that Court to this by successive appeals.

This is the third time it has stood upon the docket of this Court for hearing and review of the Court below, and of this Court. The opinion of the Court when it was first here is reported in 122 N. C., 64, and the opinion when here the second time on petition to rehear is reported in 124 N. C., 467, 45 L. R. A., 257, 70 Am. St. Rep., 606. It has been since tried in the Superior Court, and is here again on appeal.

There is but one point presented in this appeal, if we ad-

here to our former opinion rendered on the petition to rehear. But we are now asked to abandon the ground upon which that decision rests, and put the opinion in this appeal upon the ground stated in the first opinion, "that it may present a Federal question." This we can not do without reversing our judgment and adopting the arguments in the first opinion, which we have admitted were not tenable, and were expressly abandoned in the second opinion—124 N. C., 467, 45 L. R. A., 257, 70 Am. St. Rep., 606.

The other question presented by the record is an application by the defendant to plead his discharge in bankruptcy, which was refused by the Court. At Spring Term, 1901, before the case was tried, the defendant presented to the Court the following motion in writing: "The defendant, Isaac H. Harris, and L. B. Suskin, surety upon defendant's undertaking to stay execution pending the appeal from the Justice of the Peace, respectfully represents that since this action has been pending in the Superior Court of Beaufort County, the defendant, Isaac H. Harris, has been adjudged a bankrupt, and has been discharged under the act of Congress from all debts and claims, which are made provable by said act against his estate, and which existed on the 7th of April, A. D. 1899; that this defendant and his surety pray that the defendant be permitted to plead the said discharge in bankruptcy as a defense and bar to this action." The Court, in refusing this motion, gave no reason for doing so, and the plaintiff contends that the Court refused to allow the motion as a matter of discretion; while the defendant contends that it was not a motion appealing to the discretion of the Court, and that he was entitled to have it allowed as a matter of legal right.

It has been often decided by this Court that the right to allow or refuse to allow an amendment, by setting up a new defense or otherwise, was a matter of discretion with the Court, and while this discretion should be liberally exercised, that it

was not reviewable on appeal to this Court. Clark's Code (3d Ed.), Sec. 273; that it was discretionary whether the Court would allow an amendment setting up the statute of limitation, *Smith v. Smith,* 123 N. C., 229; though it is said in that case that there are some exceptions to this rule. And while our attention has not been called to any authority directly upon this point, and in the limited time we have, we have not been able to put our hands upon any.

But it seems to us that "a plea since the last continuance" is not what would strictly be termed an amendment, but more in the nature of a supplemental pleading—something more than was pleaded before. Such pleas must be made by leave of Court, that is, they must have the sanction of the Court, and the opposing party must have an opportunity to be heard. This is and should be so, whether it is a matter of discretion with the Court or a right the party has to insist on its being filed as a matter of law.

It therefore seems to us that in many cases, as in this case. the Court had the discretion to allow the defendant to file his answer setting up his new defense, and the plaintiff would have had no right of appeal. But the defendant, on the trial, would have been compelled to show that defendant's discharge was a discharge from this debt under the Bankrupt Act. The Court may have had the discretion to allow this plea to be made, as that would not be a determination of the rights of the parties. But to entitle the defendant as a matter of law to file such plea, it must appear from the petition that the facts stated, if true, would be a good defense and a bar to the plaintiff's action. The Court is to be the judge of this, and if the Court should hold that the facts set forth, if true, would not be a bar to the plaintiff's action and refuse to allow the plea, when the facts alleged, if true, would be a bar to the action, this Court would review its action. But if the petition does not set forth facts which, if true, would be

a bar to the plaintiff's recovery, then the Court is not bound to allow the plea to be filed; and if it is refused without assigning any reason, it will be presumed that it was refused as a matter of discretion, and this Court will not review its action. 21 Enc. Pl. and Prac., 59, and note 1.

We do not think the facts stated in this petition are sufficient to make it the duty of the Court, as a matter of law, to allow the plea. It does not state that the defendant has obtained his discharge since the last continuance of the action; nor does it show that this debt or claim of the plaintiff was scheduled in the bankrupt proceedings; nor does it show that the plaintiff had knowledge of the proceedings in bankruptcy in time to have proved his debt and shared in the distribution of the assets of the defendant's estate in bankruptcy.

We do not see that the cases cited by the defendant are in point. *Sanderson v. Daily,* 83 N. C., 67, and *Dawson v. Heartsfield,* 79 N. C., 334, are applications to revive dormant judgments, and it has been often held by this Court that, in such cases as those, the defendant may plead anything that has occurred since the rendition of the judgment. *Bank v. Swink,* 129 N. C., 255. And the case of *Paschal v. Bullock,* 80 N. C., 329, was a motion to recall an execution that the defendant might plead his discharge in bankruptcy; but the motion was not allowed, and, upon appeal to this Court, the ruling of the Court below was affirmed. And in the discussion of that case, it is observed by this Court that the defendant had, before that, the opportunity to plead his discharge, and did not do so. It does not appear in this case that the defendant had before had the opportunity to plead his discharge. But, as he is asking to plead what he does not have the right to do without the permission of the Court, we think, to make it the legal duty of the Court to allow the plea, it should have affirmatively appeared in the petition that he had

not had—that is, facts should have been stated showing that he had not before had such opportunity.

As we see no error, the judgment is

Affirmed.