## BALK v. HARRIS.

(Filed February 24, 1903.)

1. REHEARING—*Supreme Court.*

> The supreme court will not review a ruling of its own, which does not affect injuriously the complaining party, even where the ruling is erroneous.

2. APPEAL—*Courts—Federal Question—Judgments.*

> When the decision of a federal question by a state supreme court is necessary to sustain the judgment rendered, the supreme court of the United States will review such judgment, although another question, not federal, is decided.

PETITION to rehear this case, reported in 130 N. C., 381. Petition dismissed.

*Chas. F. Warren,* for the petitioner.
*Small & McLean,* in opposition.

WALKER, J.   This case is again before the Court upon a petition to rehear the judgment rendered at February Term, 1902.   When the case was first here, at February Term, 1898, upon appeal of the plaintiff (122 N. C., 64; 45 L. R. A., 257), this Court decided that the judgment of the Maryland Court in the garnishment proceedings, which was pleaded by the defendant in this suit as a defence in bar of plaintiff's recovery, could not avail the defendant, because it was invalid for two reasons, (1) that the affidavit upon which the writ of garnishment issued was defective, in that it failed to state that the plaintiff, Balk, who was the defendant in that proceeding, had any property in the State of Maryland, and (2) that the payment of the judgment of the Maryland Court by Harris, the garnishee in that suit and the defendant in this, was voluntary.

The defendant, Harris, at February Term, 1899, of this Court, filed a petition to rehear the judgment rendered at February Term, 1898, alleging as error therein that the grounds upon which this Court based its decision against him were untenable.   At said term the petition to rehear was dismissed, but, to use the language of the Court, "for an entirely different reason from that given at the first hearing," and the Court gave as its reason for the dismissal of the petition that the *situs* of the debt garnished was not where the debtor Harris was "found," but where he "resided," and as he and his creditor Balk resided at the time in this State, the process of garnishment sued out in the Maryland Court and the judgment of that Court by which the debt of Harris to Balk had

been condemned to the payment of the debt of Balk to Epstein, was invalid, as the Maryland Court had acquired no jurisdiction to render any such judgment.   As the first judgment in the Court below was in favor of the defendant Harris, a new trial was ordered, and the case was again tried at May Term, 1901, of the Superior Court of Beaufort County, and in deference to the opinion of this Court, as just stated, the Judge who presided at the trial of the case, substantially directed the jury to return a verdict for the plaintiff, which was done, and a judgment in accordance therewith was entered against the defendant.   The defendant, when the case was called for trial in the lower Court, moved in that Court to be permitted to plead and prove his discharge in bankruptcy, which had been issued to him by the proper Court since the last continuance.   This motion was refused and defendant excepted.   From the judgment against him he appealed to this Court, and assigned as errors the refusal of the Court to permit him to plead his discharge in bankruptcy and the instruction in regard to the judgment of the Maryland Court in the garnishment proceedings, the defendant contending that the Court, by the said instruction to the jury to the effect that the judgment of the Maryland Court was invalid for want of jurisdiction in the Court to render it, and was no defence or bar to this action, denied full faith and credit to the records and proceedings of the Maryland Court in the case of *Epstein v. Balk.*   The case was again heard in this Court upon defendant's appeal at February Term, 1902, and the judgment was affirmed.   *Balk v. Harris,* 130 N. C., 381.

It appears from the brief of the defendant's counsel, filed at said term, that he withdrew the assignment of error relating to the discharge in bankruptcy, and that, notwithstanding such withdrawal, the question raised by the said assignment was discussed in the opinion of the Court as given by Furches, C. J., and decided against the defendant, as was also

BALK *v.* HARRIS.

the other question as to the judgment of the Maryland Court.
The defendant now asks the Court to rehear that judgment,
not only upon the ground that the Court inadvertently de-
cided a question against him which was not presented for
decision, but because the Court, as appears in the opinion
delivered by Furches, C. J., misconceived the contention of
his counsel with reference to the first decision made by this
Court in the case, and evidently supposed that his counsel
wished this Court to abandon the ground of decision stated in
the opinion of Clark, J., filed at February Term, 1899 (124
N. C., 467; 45 L. R. A., 257; 70 Am. St. Rep., 606), and
to place its decision upon the grounds set forth in the opinion
filed at February Term, 1898 (122 N. C., 64; 45 L. R. A.,
257), so that a Federal question could clearly be presented,
and that this Court, by reason of said misunderstanding, had,
in some way, not made to appear very plainly to us, impaired
the defendant's right to sue out and successfully prosecute a
writ of error from the Supreme Court of the United States
to said judgment.    The former Chief Justice, in the opinion
given for the Court, at February Term, 1902 (130 N. C.,
381, 382), referring to the defendant's supposed objection
to the opinion of the Court filed at February Term, 1899
(124 N. C., 467; 70 Am. St. Rep., 606; 45 L. R. A., 257),
uses this language: "This we can not do without reversing our
judgment and adopting arguments in the first opinion (122
N. C., 64; 45 L. R. A., 257), which we have admitted were
not tenable, and were expressly abandoned in the second
opinion." It seems from this language that the Court,
though it may have misunderstood the argument of defend-
ant's counsel, has said precisely what he desired to be said in
the case.

We can not see how the decision of the Court upon the ques-
tion of the discharge in bankruptcy can in the least degree af-

fect the defendant's' right to sue and prosecute a writ of error to the judgment of this Court, or how it can defeat the jurisdiction of the Supreme Court of the United States to review the said judgment, if it otherwise has the jurisdiction, by reason of the question involved in this controversy. It is true the Court below refused to permit the discharge to be pleaded, but after doing this it decided as it was bound to decide, before a verdict and judgment could be given for the plaintiff, that the judgment of the Maryland Court was' invalid and constituted no bar to the plaintiff's recovery. If this decision presented a Federal question because it was a denial of a right to which the defendant was entitled under Article IV, section 1, of the Constitution of the United States, requiring full faith and credit to be given in each State to the public acts and judicial proceedings of every other State, and the Act of Congress passed in pursuance thereof, 'and this the Supreme Court of the United States must decide, that question still remains undiminished and unimpaired, notwithstanding the ruling of the Court regarding the discharge in bankruptcy. It is undoubtedly true that when two propositions are presented in a record from a State Court, one involving a Federal question and the other not, the Supreme Court of the United States will not assume jurisdiction, provided the latter question is sufficient of itself, notwithstanding the Federal question, to sustain the judgment of the State Court. *Harrison v. Morton,* 171 U. S., 38. If the decision of the Federal question is necessary to the decision of the cause, and is actually decided adversely to a party claiming a right under the Constitution or laws of the United States, or, to state it differently, if the judgment could not have been rendered without deciding the Federal question, the Supreme Court of the United States has jurisdiction by writ of error or appeal, according to the nature of the case, to review the judgment of the State Court and to reverse the same, or to give other adequate relief, if it is erroneous. *Murdoch v. Memphis,* 20

Wall., 590; *Cook County v. Canal Co.,* 138 U. S., 636.    It is perfectly manifest that the decision of the Court below upon the motion of the defendant to be permitted to plead his discharge in bankruptcy did not dispose of the case, and was not sufficient of itself to sustain the verdict and judgment against the defendant.

The remaining question, as to the validity of the judgment of the Maryland Court, and its legal effect as a bar to the plaintiff's recovery, was necessary to the final determination of the case by judgment against the defendant.

In the petition to rehear we are not called on to review the former decision of this Court with respect to the validity of the Maryland judgment.    Indeed, we could not well do so on this rehearing, as the judgment of this Court at February Term, 1899 (124 N. C., 467; 45 L. R. A., 257; 70 Am. St. Rep., 606), is, as to the defendant in this case, *res judicata,* so that the correctness of that judgment and of the opinion upon which it is based is not now under consideration, and we refrain from expressing any opinion in regard thereto. If there was any error in that decision, the defendant can not now allege it and have it corrected, nor, indeed, does he seek to do so.    Whatever right he had to a writ of error when that decision was made, and was followed afterwards by a final judgment in the Court below, which was affirmed by this Court (130 N. C., 381), is, in our opinion, still left to him unimpaired by anything that was said by this Court in the opinion filed at February Term, 1902.    If any error was committed by this Court in giving that opinion, in the respect indicated in the petition to rehear, it was clearly harmless, and needs not to be corrected in order to save to the defendant his right to a writ of error.    There was substantially no error in that decision in regard to the discharge in bankruptcy.

The defendant does not ask this Court to correct any error in its judgment, which, if corrected, would reverse the judg-

ment, but rather seeks to have this Court declare and define what was the reason for its decision, in order that the defendant may show that the judgment of the Court rested upon the decision of a Federal question adversely to him, and that he is therefore entitled to a writ of error, and to a review of the said judgment by the higher Court. If it would avail the defendant anything to do so, or serve any useful or practical purpose, and the opinion and judgment of this Court were not already perfectly clear and explicit as to the very point decided, we would not hesitate to grant the prayer of the defendant's petition. The reason for the decision of this Court, as distinctly stated by the former Chief Justice, is to be found in the opinion of Clark, J., filed at February Term, 1899 (124 N. C., 467; 45 L. R. A., 267; 70 Am. St. Rep., 606).

It is a well settled principle that this Court will not review a ruling of its own, or of the Court below, which does not injuriously affect the complaining party, even if the ruling was erroneous. *Nissen v. Mining Co.,* 104 N. C., 309; *Butts v. Screws,* 95 N. C., 215; Clark's Code (3d Ed.), page 771. The alleged error in such a case becomes immaterial. But in this case we now hold that the decision in regard to the merits of the defendant's motion to plead his discharge in bankruptcy was correct, and the Court was merely inadvertent to the fact that the defendant's counsel, in his brief, had withdrawn the assignment of error relating to that question.

As we do not see that the defendant can be prejudiced by the ruling as to the discharge in bankruptcy, and as his condition, in respect of his right to review the judgment of this Court by writ of error, is no worse by reason of the decision of that question than it would have been if the matter had not been passed upon, and as the defendant has therefore shown no necessity for granting to him the relief prayed for, we must refuse to allow the petition to rehear.

PER CURIAM: Petition Dismissed.