Tayxor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 If Mr. Browne had received the surplus in money, the purposes of the trust deeds having been executed and extinguished, it would have been so much money received to the use of Jones, and might have been recovered by him in
 
 indebitatus assumpsit;
 
 the law in such case, implying a promise to pay. For the quality of every such trust is, that what remains after paying the creditors, belongs to the assignor. And although the usual remedy against a
 
 *258
 
 trustee, for a misapplication of the trust fund, is by a bill in equity, yet at law, an action of assumpsit will lie.
 
 *
 
 The law must be the same, whether the surplus be in money or <n n0|es> an(j Up0n a refusal to deliver the latter, Jones would be entitled to an action of trover :
 
 †
 
 for the garnishment proves that the notes belonged to him. It seems to be a better criterion, whether property be liable to attachment, to ascertain what would be the rights of the Defendant in the attachment against the garnishee, than to en-quire, whether the property would be liable to an execution against the Defendant. For the attachment law makes notes not yet due, whether given for money or specific articles, subject to that process ; which things clearly cannot be taken in execution. But, if the property being liable to execution, were a test of its being attachable, it would hold good in this case, as to all the property in the garnishee’s hands, which was not necessary to satisfy the creditors,- and if a levy had been made by a creditor of Jones’s upon the property, before the sale, the surplus, after paying the trust creditors, would have belonged to such judgment creditor. So that the first doubt suggested in the garnishment, seems to be answered by the act of 1812, ch.
 
 14,
 
 making trust properly, real and personal, liable to execution. The other suggestion admits of the same answer. The real property is converted into personal, in virtue of a prior equity, only so far as the trust creditors had a lien upon the property. To the extent of their debts the equity was prior, but when that object was accomplished, there was but one equity remaining, and that was in Jones, whose right to the money, had it been received, was of that kind, which, it has been shewn, a Court of Law would have enforced.
 

 Considering, then, the general scope and spirit of the attachment law, the property which it renders liable to the process, “ estate and effects,” and how easy it would be for an absconding debtor to evade its provisions, by suf-
 
 *259
 
 iering bis property to be sold under a trust deed, for negotiable securities, the Court are of opinion, that judgment should be rendered for the Plaintiffs on the garnishments of Mr. Browne and Mr. Cannon ;
 
 *
 
 more especially as all the parties concerned are before the Court, and the drawer of the notes declares, in his garnishment, his willingness to pay the money.
 

 This view of the case is taken from the garnishments alone; but from the parties concerned in this transaction, it is fair to presume, not only that the deed of trust was drawn in the usual, but in the best form. That form is, to insert a covenant upon the part of the trustee, to restore to the
 
 cestui que trust
 
 the surplus remaining after the payment of
 
 debts;
 
 in which case Jones would have had an indisputable legal remedy.
 

 *
 

 5 Term Rep. 601. "Willes 405.
 

 †
 

 Salk. 130,282.
 

 *
 

 Note — R. Cannon was also summoned as a garnishee in this case, and in liis garnishment declared his willingness to pay the money on the notes.