*230
 
 Pearson, C. J.
 

 In Daniel’s Ch. Plead. 714, it is said, “ It nowhere appears that any practical consequence results in equity from the distinction between pleas in abatement, and pleas in bar. At law, the distinction is important, with reference to the conclusion of the plea; but, in this court, there is not the same difference ; the office of a plea in equity being merely to introduce the facts, which, combined with the bill, destroy the plaintiff’s case, or make it defective ; the uniform conclusion of pleas is a submisson that the defendant is not bound to put in any other or further answer.”
 

 We are inclined to concur in this opinion, and should be reluctant to over-rule the plea, on the ground that the conclusion fixes its character as that of a plea to the jurisdiction, for in truth the conclusion is not an appropriate one, either for a plea to the j urisdiction, or a plea in bar; and, without deciding the many nice questions that are raised in the argument, treating it as a plea to the jurisdiction, we put our decision on the ground, that, considered as a plea of either kind, the facts introduced by it do not show that the plaintiff is not entitled to the relief which he seeks, under the provisions of the statute, Rev. Code, ch. 7, sec. 20.
 

 Independent of that statute, it is clear, that the plaintiff would not be entitled to relief in the courts of equity of this State, or of any other State ; for his is a mere legal demand. The statute, however, amends the attachment law, and gives relief to a creditor who is a citizen of this State, by enabling him to bring his bill in equity, when the debtor resides beyond the limits of this State, and is entitled to any personal estate or effects, or to the use thereof, in the hands of an executor, &c., or any estate in the hands of any one resident in this State, ■which cannot be attached at law ; in other words, it gives the extraordinary remedy of an attachment in equity. And the counsel for the defendant put in the plea under a misapprehension in supposing that the Gth subdivision in the 4th rule in ch. 32 Rev. Code, which proscribes “ the rules and methods of proceeding in courts of equity,” applies to, or controls this particular proceeding; on the contrary, it is an
 
 *231
 
 anomalous one, and its object is to subject any estate or effects which a non-resident may have in the hands of any person in this State, which cannot be reached by attachment, to the payment of debts owing to our citizens, without reference to the place where the debt was contracted.
 

 The facts appearing upon the pleading’s are: that the plaintiff is a citizen of tin’s State ; the defendant, Monot, is a citizen of the State of New York, who is indebted to the plaintiff. The other defendant is a corporation, chartered by the Legislature of this State, for the purpose of carrying on mining operations, in the county of Chatham, where it owns land and other property of great value, but its books are kept in the State of New York, where its officers reside; and the defendant, Monot, is a stockholder; the shares are personal estate, transferable only on the books of the corporation.
 

 To give the plaintiff’ a standing in this Court, it is necessary for him to maintain three propositions: that the corporation has its existence in this State; that the shares of stock are “ effects or estate ” of the defendant, Monot, here in the hands of the corporation ; and that the stock cannot be attached at law. These questions present themselves “in limine” as bearing upon the peculiar and limited jurisdiction which the statute confers upon our courts of equity, in respect to a mere legal demand ; so that if either position be untenable, the Court would, of its own motion, decline to proceed, on the ground that the subject, i. e., a plain note of hand for the payment of money, does not fall under any known head of jurisprudence.
 

 "We, however, incline to the opinion, that all of them are tenable. 1st. The corporation having been created here, and the land upon which it is to operate, being situate here, it is difficult to conceive how it acquired the ability to remove itself; so as to have an existence in another State, and cease to exist here. The proposition seems too plain for argument; the corporation is a mere
 
 creature of our
 
 law, and it must of necessity have its existence in our State, notwithstanding the fact that its officers, for their own convenience, keep the books
 
 *232
 
 and transact office business, as distinguished from its mining operations, in the city of New York.
 

 2d and 3d. These two propositions involve the same consideration, and may be discussed together. A share of the stock of the corporation is a thing incorporeal — a mere right which entitles its owner to participate in the general management of the concerns of the corporation, by being a member, in the meeting of the stockholders, to elect officers and do other acts of the kind; to demand and receive from the corporation a dividend of profits, whenever dividends are declared, and to demand and recieve a portion of whatever may be on hand at its dissolution. It is true a share of the stock is personal estate in the sense that it will, at the death of the owner, devolve upon his personal representative, but, it would seem, that it cannot be so in the sense of attending his person, for it is but one of many parts, the aggregate of which make an artificial body, which has its existence fixed in this State, and creates a right or duty which must be yielded and performed here, and cannot be enforced in any other country-; in other words, it is estate of the shareholder here, in the hands of the corporation, for his benefit. It would seem, also, that stock is estate of the debtor, which cannot be attached at law; a “ debt ” or any “ property or effects” of the debtor, may be attached, in the hands of a third person, as garnishee; but, upon a perusal of the statute^ it will be seen, that the sense in which these terms are used, does not include stock; a
 
 “
 
 debt,” as thus used, means a liquidated sum of money which the garnishee owes to the absent debtor. A corporation does not owe its stockholder a debt, but a duty which cannot be enforced by an ordinary action at law. So, property or effects means something tangible, which may be' delivered by the garnishee, in exoneration of himself, to the officer levying the attachment. This is wholly inappropriate to stock. Indeed, as judgments of courts of law are absolute, and cannot be moulded and shaped to fit peculiar circumstances, stock is a thing which these courts are incompetent to deal with, and a creditor who seeks to subject it, must apply to .a court of
 
 *233
 
 equity, where a transfer may be compelled, or a sale made, or some mode devised for effecting the purposes of justice ; as is the course in reference to legacies and distributive shares, and other rights which a court of law cannot administer; for which reason the amendment of the attachment law, under consideration, was made in order to embrace these subjects within the principle, by means of a proceeding in a court of equity.
 

 The Court, however, will not now declare its opinion upon these questions of law, but will reverse the order of the court below, by which the bill was dismissed, over-rule the plea, and require the defendants to answer, “ reserving the benefit of the plea until the hearing.” Adams’ Eq., 342. The same-order is made in reference to the plea of the other defendant.
 

 We
 
 are induced to “pursue this intermediate course,” because the strength of the argument was spent upon objections to the form of the pleas, and the questions upon the application of the statute are new and very interesting and likely to become of frequent occurrence, owing to the great number of corporations that have sprung up in our midst with non-resident stockholders; and because it does not appear from the pleadings in this case that the president, or any of the directors, or other officer of the corporation upon whom process could be served reside in this State, and difficulties may arise as to the mode of enforcing the decree, should one be made, in favor of the plaintiff.
 

 Per Curiam, Decree below reversed.