CRESCENT INSURANCE COMPANY *v.* W. R. MOORE & CO.

1. GARNISHMENT.  *Against insurance company.   Before adjustment with debtor.*
   An insurance company may be garnished as the debtor of one insured, after loss, and before adjustment thereof.

2. SAME.   *Denial of indebtedness.   Traverse and proof.   Case in judgment.*
   An insurance company was garnished by M., a creditor of B.  It answered, denying any indebtedness, and setting out that the "matter is in dispute and litigation about to ensue." The plaintiff, M., traversed the denial of indebtedness.   On the trial the plaintiff read a policy of fire insurance in favor of B. and the proof of loss furnished the company, as required by the policy, and showed that such proof had never been objected to.  The garnishee did not appear, and judgment was rendered for the plaintiff.   *Held,* that the judgment was properly so rendered.   The evidence was sufficient to show, *prima facie,* a liability.

APPEAL from the Circuit Court of Attala County.

HON. C. H. CAMPBELL, Judge.

W. R. Moore & Co. having sued out an attachment against Black & Sudduth, on the 27th of November, 1885, caused the Crescent Insurance Company, of New Orleans, La., to be summoned as the debtor of Black & Sudduth.  The garnishee answered that it was not and had not been indebted to Black & Sudduth ; that Black & Sudduth, on the 19th of November, 1885, took out a policy of insurance against fire in this company to the amount of fifteen hundred dollars on their stock of merchandise ; that this stock of merchandise was claimed by Black & Sudduth to have been damaged by fire on November 20, 1885, but that this claim has not been proven in accordance with the contract ; that the company denies liability therefor ; that the " matter is involved in dispute and litigation yet to ensue, the company having refused to pay said claim, being determined to resist the same in the courts of the country." The plaintiffs traversed all the above answer except the part in quotations.

On the trial the plaintiffs read the policy of insurance, which contained the following condition, among many others :  " It shall be optional with the company to repair, or build, or replace the property lost or damaged with other of like kind and quality

within a reasonable time, giving notice of their intention so to do within thirty days after the receipt of the proofs herein required." They also read the proof of loss which had been furnished the company, and showed by evidence that the proof was furnished the company within thirty days after the fire, and that no objections to the proof of loss had ever been made, except that made in the answer.   The proof of loss so furnished is as follows:

"THE STATE OF MISSISSIPPI, } *Proof.*
    COUNTY OF ATTALA.

"Personally appeared before me, James C. Clark, mayor of Kosciusko, and *ex-officio* justice of the peace for said county and State, M. L. Black, who, being duly and legally sworn, on information and the best of his belief deposes to the following facts on oath, and says that he is the same M. L. Black who is and was a member of the firm of Black & Sudduth, of McCool, Attala County, Mississippi; that they, the said mercantile company, did, on the 19th day of November, 1885, obtain a policy of insurance on their stock of goods and merchandise, consisting of dry goods, groceries, boots, shoes, hats, caps, hardware, cutlery, and such other goods as are usually kept for sale in country stores, contained in a one-story frame building, with shingle roof, occupied as a general store in said McCool, Miss., for the amount of fifteen hundred dollars, from the Crescent Insurance Company, of New Orleans, La.   And affiant further states that on the night of the 20th of November, 1885, there was a fire in the town of McCool, wherein the house, including a large part of the aforesaid stock of goods, was destroyed; said fire originated in the saloon of Boswell & Black, about nine or ten o'clock P. M. of said date.

" Further answers and states that he does not know the origin of the fire, but the current opinion is, first, that it was caused from an explosion of a lamp, or from the lamp igniting the ceiling of the said saloon while its occupants were absent, and all other opinion is that the saloon was set on fire by an incendiary ; the storehouse being several houses distant from the place of the commencement of the fire, which fire extended both ways, consuming their

house, with nine houses besides. The said firm of Black & Sudduth had an actual cash value of property in the store at the date of the fire of three thousand one hundred dollars ; that the amount lost was one thousand four hundred dollars ; the amount saved, one thousand seven hundred dollars ; and that the goods have been invoiced by the sheriff, James W. Woodard, of Attala County, and Captain J. P. Brown, general agent of the Crescent Insurance Company, residing in said county. An itemized copy of said inventory is hereto subjoined, and asked to be taken as a part of said loss and damages. And he further states that the approximated damages on the goods saved from the fire is four hundred and thirty-two dollars. The fire did not occur from the fraud or neglect of the owners or occupants of the said firm of Black & Sudduth. The affiant further states that no other insurance company had any insurance on the described property, and that the assured claims total insurance on goods burned and damaged. Amount claimed, one thousand three hundred and seventy-four dollars.

" RECAPITULATION.

"Amount goods burned, . . . . . . . . . . . . . . . . $1,400 00
    "    damages on goods saved, . . . . . . . . . .   432 00

Total, . . . . . . . . . . . . . . . . . . . . . . . $1,832 00
  " Three-quarters of $1,832 is amount claimed, which is $1,374.

" M. L. BLACK.

" Sworn to and subscribed this, the 30th of November, 1885.

" J. C. CLARK,<br>" *Mayor, etc.*"

The following affidavit was also read by the plaintiffs :

" STATE OF MISSISSIPPI,  }
  ATTALA COUNTY.    }

  " I, James C. Clark, do hereby certify that I have examined the circumstances attending the fire described in the preceding affidavit of M. L. Black, of the firm of Black & Sudduth, of McCool, Mississippi, know the character and circumstances of the assured,

and verily believe that the assured, Messrs. Black & Sudduth, have, without fraud or negligence, sustained damage on the property insured aforesaid to the amount of one thousand four hundred dollars in goods burned by the said fire, and sustained damage on goods saved four hundred and thirty-two dollars, making, under the three-quarters clause of the policy of insurance, one thousand three hundred and seventy-four dollars, which the assured are entitled to recover from the said company. I further state that I am not concerned in the loss as a creditor or otherwise, and not related to the assured. Given under my hand and seal this, the 30th day of November, 1885.

                                   " J. C. CLARK,
                        " *Mayor and ex-officio J. P.*"

The plaintiffs here rested, and the garnishee not appearing, the jury rendered a verdict for the plaintiffs for one thousand three hundred and seventy-four dollars.

The defendant in garnishment moved for a new trial, and assigned the following reasons:

" 1. The counsel for defendant was absent, he living at a great distance from the place of trial, and being delayed in reaching said place of trial by reason of residing at a distance.

" 2. The verdict of the jury was contrary to the law and the evidence in the case."

An affidavit was filed by the defendant which set out no additional facts to those above stated, except that the defendant has a good and valid defense.

The court overruled the motion for a new trial, and the defendant appealed.

*Landrum & Landrum*, for the appellant.

1. By the terms of the policy of insurance issued by appellant to Black & Sudduth, appellant was given thirty days after proof of loss served on appellant to *elect* either to rebuild the property destroyed by fire, take the property at its appraised value, or pay the loss in money, and appellant was prevented by the writ of garnishment served on appellant in the above entitled cause, which writ of garnishment was served during the thirty days in

which, or during which, appellant had this right of election, from making its election to pay in money or take the property at its appraised value.

This right of election is as much a vested right secured to the insurance company by the terms of the policy of insurance, as the right of indemnity in case of a loss is a vested right secured to the insured.

It is no answer to this to say that at the time of answer filed the sixty days in which the insurance company had the right to make this election had expired, because the fact still remains that the insurance company was prevented from making this election by the writ of garnishment. The law stepped in between the insurance company and Black & Sudduth and prevented them from settling their differences according to the stipulations in the policy, which policy of insurance was the depository of the rights of the insurer and the insured. This is not allowable. *Dibrell* v. *Neely,* 61 Miss. 218. It is also repugnant to another well-settled principle of law, viz. : " The plaintiff in attachment standing in the defendant's place can have no greater rights than the defendant, had the garnishee been sued by the defendant." *Smith* v. *Dickson,* 58 Iowa 444 ; *Wells* v. *Am. Ex. Co.,* 55 Wis. 23. Black & Sudduth, the insured, would have been bound by this right of election in the insurance company, and William R. Moore & Co. can have no greater rights in the premises than Black & Sudduth.

This is not a proper case for garnishment. Garnishment " is not allowable " on the facts as they appear of record. To sustain the garnishment in this case would be to impair the obligation of the contract of insurance between the Crescent Insurance Company and Black & Sudduth. On the subject we have been here discussing we call the attention of the court to the cases of *Martz* v. *Detroit Fire and Marine Insurance Co.,* 28 Michigan 201, and *Meacham* v. *McCorbitt,* 2 Metcalf (Mass.) 352.

2. The appellant contends that it cannot be made chargeable to the appellee in the above-entitled cause, because the record shows that the Crescent Insurance Company, garnishee, is now engaged in litigation with Black & Sudduth in regard to the same matters

with reference to which it is summoned to answer as garnishee in a suit between Black & Sudduth and William R. Moore & Co., creditors of Black & Sudduth.

The answer of the garnishee contains the following statement, viz. : " This affiant further answers  *  *  *  that the matter is involved in dispute and litigation yet to ensue, the company having refused to pay said claim, being determined to resist the same in the courts of the country; that said company *is unable to state what will be the result of said litigation,* but denies indebtedness."

This is a very material statement in the answer. It is a statement which, unless proved to be false, entitles the garnishee to his discharge with costs. Was this statement of the garnishee in his answer proved to be false? The bill of exceptions contains all the evidence offered on the trial. What was that evidence? It consisted, first, of the policy of insurance issued by the Crescent Insurance Company to Black & Sudduth ; second, of an alleged proof of loss; third, of evidence that the insurance company made no objection to the proof of loss. Now, does this evidence prove that the Crescent Insurance Company was *not* engaged in litigation with Black & Sudduth in regard to this alleged loss? It certainly neither proves nor tends to prove any such thing. On the contrary, it tends to establish the fact that the insurance company was engaged in litigation with Black & Sudduth, because the evidence shows a *prima facie* right of action in Black & Sudduth, and the answer reveals the fact that the right of Black & Sudduth to indemnity for the alleged loss has been denied.

*Allen & McCool,* for the appellees.

1. The real question in determining this suit is, Was the insurance company garnishable ? By an application of the law to the facts disclosed by the record in this case, the question will be solved. Does the law of Mississippi, regulating attachments and garnishments, condemn this class of garnishments ? We answer that it does not. Section 2414 of Code of 1880, and all the supreme court decisions construing it, do not prescribe any rule forbidding garnishments in a case of this character. The rule of law in this State is, and the authorities are uniform in the several States, that

the right of garnishment or attachment grows out of a transaction *ex contractu*, and contemplates all those actions where the money or damages claimed are liquidated, or capable of liquidation, by computation or the application of the general rules of evidence ; and the contract, which is the policy of insurance, furnishes a standard, so that by virtue thereof the plaintiff would be able, if necessary, to aver in his affidavit the amount he desires to recover, and the jury can render their verdict thereon. Garnishment in such cases will be applicable. It is sufficient if it arises on contract. Drake on Attachment, § 13.

After fire, garnishment is applicable in fire insurance cases, where the loss, before adjustment by the proof of loss or agreement between the parties, is unliquidated; but the policy of insurance furnishes the standard where the same may be made certain, on the principle of *id certum est quod certum reddi potest.* Kneeland on Attachments, pp. 34 and 61, p. 353, § 422, pp. 353 and 354 ; *Girard Fire Insurance Co.* v. *Field,* 45 Pa. St. 129 ; *Franklin Fire Insurance Co.* v. *West,* 8 W. & S. 350 ; *Knox* v. *Protection Insurance Co.,* 9 Conn. 430 ; *Northwestern Insurance Co.* v. *Atkins,* 3 Bush. 328.

2. No proof was introduced to show that garnishee was not engaged in litigation with Black & Sudduth ; first, because the answer of the garnishee does not allege, either expressly or impliedly, that such suit was pending. The traverse denies every allegation in the answer necessary to be denied, and is specially drawn under the code relating to such matters. The authority relied on by appellant, to show that the amount demanded by appellee is contingent, uncertain, and unliquidated, is the case of *Dibrell* v. *Neely,* 61 Miss. 218, the facts and law of which do not at all apply to the state of case disclosed by this record. That was an action of trespass for damages for breaking and entering a close of plaintiff, etc., while this is an action arising on contract, and the distinction is too patent and manifest to admit of comment.

*J. F. McCool,* of counsel for the appellees, argued the case orally.

ARNOLD, J., delivered the opinion of the court.

An insurance company may be garnished as the debtor of a person whom it has insured, after loss has occurred under a policy which it has issued to such person, whether the claim for such loss has been adjusted or not.  Drake on Attachment, 5th ed., § 549, and authorities there cited.

The proof on the trial of the issue raised by controverting appellant's answer showed, *prima facie*, at least, liability on the part of appellant to Black & Sudduth.  If appellant had any defense against the claim of Black & Sudduth it should have been made on that issue ; but none was attempted to be made on that issue, and no valid reason is shown why it was not done.

*Affirmed.*