W. B. COOPER, trading as W. B. Cooper & Co. v. THE ADEL SECURITY COMPANY.

(Decided May 24, 1898).

*Attachment—Corporations—Unpaid   Subscriptions   to Capital Stock of Foreign Company—Parties.*

1. A corporation is a necessary party to an attachment proceeding to subject the amounts due it from unpaid subscriptions to its stock to the payment of its debts.

2. The balances due on stock subscriptions are a trust fund for the benefit of the creditors of a corporation and may be subjected to the payment of its debts.

3. Under Sections 218 (1), 363 et seq. of *The Code,* the unpaid balances due a foreign corporation on subscriptions to its stock by subscribers residing in this State are property of such corporation and subject to attachment for the payment of its debts.

CIVIL ACTION heard before *McIver,* J.. at December Term, 1897, of ROBESON Superior Court on a motion to vacate an attachment. The motion was allowed and plaintiff appealed. The facts appear in the opinion.

*Mr. T. A. McNeill* for plaintiff (appellant).
*Mr. Frank McNeill,* for defendant, McKellar.

CLARK, J.: The plaintiff and the defendants, McKellar and McQueen, are residents of this State. The defendant, Adel Security Co. is a Georgia corporation, and the plaintiff alleges in his complaint that he obtained a judgment on February 18, 1896, against said corporation in the courts of Georgia, upon process personally served, for $433.03 besides interest and costs; that the corporation has sold out most of its property and ceased to run its lumber mill and is insolvent; that the other defendants are stockholders in said corporation

and are indebted to the corporation, in the sums named in the complaint as to each, for unpaid balances on stock subscriptions; that the corporation has no other assets than its unpaid stock subscriptions, and the names of the other stockholders than those named in the summons are unknown to the plaintiff; wherefore, he brings this action in the nature of a creditor's bill to have an account stated of the assets and liabilities of the corporation and to have a sufficiency applied to the payment of the indebtedness of the plaintiff and others. *Bronson* v. *Ins. Co.*, 85 N. C., 411.

The summons was served as to defendants, McKellar and McQueen, and returned not served as to the Adel Security Co., whereupon the plaintiff upon affidavit of that fact, that said corporation is a non-resident and has property in this State liable to plaintiff's claim, etc., in regular form, procured a warrant of attachment which was levied upon the indebtedness to the company by McKellar and McQueen, and publication of summons.

The attachment was dismissed upon the ground that "the unpaid balance on subscriptions to the capital stock of said company due by McKellar and McQueen, residents of Robeson County" was not such property as could be reached and subjected by attachment proceedings, and the action was "dismissed as to McKellar and McQueen because there had been no personal service on the Adel Security Co."

The balances unpaid on stock subscriptions are a trust fund for the benefit of the creditors of a corporation and may be subjected to the payment of their debts. *Foundry Co.* v *Killian*, 99 N. C., 501; *Clayton* v. *Ore Knob Co.*, 109 N. C., 385; *Hill* v. *Lumber Co.*, 113 N. C., 173; *Worth* v. *Wharton*, at this Term. It is true

that the Adel Security Co., is a necessary party to such proceeding and that, as it is a non resident and personal service cannot be had upon it, it can only be brought into court by publication when "property" of said company has been attached. *Bernhardt* v. *Brown*, 118 N. C., 700; *Long* v. *Ins. Co.*, 114 N. C., 465; *Pennoyer* v. *Neff*, 95 U. S. 714. This raises the question whether the unpaid stock subscriptions, due the corporation by McKellar and McQueen, are "property" which is liable to attachment here for the purpose of acquiring jurisdiction, to the extent of said indebtedness, by a proceeding *quasi in rem* against the corporation. The decisions are in hopeless conflict in different States on this point. See notes to *Illinois C. R. Co.* v. *Smith*, 19 L. R. A., 577. The decisions are uniform that for purposes of taxation the *situs* of a debt is the person of the creditor, but, for purposes of acquiring jurisdiction against a non-resident by attachment, there is a conflict. This State however is one of those which hold that (under our Statute, *Code*, Section 218 (1) and 363 *et seq.*) the indebtedness in the hands of the debtor may be attached. *Winfree* v. *Bagley*, 102 N. C., 515. In dismissing the attachment as well as in dismissing the action there was error.

Error.