STRAUSE BROS. v. AETNA FIRE INSURANCE COMPANY.

(Decided March 27, 1900.)

*Attachment—Jurisdiction—Situs of the Debt—Garnishment —Property—"Domesticated" Corporation Domicile.*

1. Where jurisdiction has been obtained of the person or subject-matter, the courts of one State give full faith and credit to judgments rendered in the courts of another; otherwise, the judgment of the foreign State is treated as a nullity.

2. The State of Pennsylvania, as a condition of doing business within its borders, may require the appointment by a Connecticut corporation of a resident agent upon whom process may be served.

3. Suability is not the test of the *situs* of a debt for the purpose of garnishment, nor of itself gives jurisdiction in attachment, where neither the creditor, nor debtor, nor garnishee are domiciled in the State.

4. Statutes requiring "domestication" enable plaintiffs to get personal service upon a foreign corporation, but do not remove its property to the State nor the *situs* of its debts, created elsewhere.

CIVIL ACTION upon a fire insurance policy, tried before *Hoke, J.,* at December Term, 1899, of the Superior Court of PITT County, upon facts agreed.

The parties to this action have agreed to submit the decision of this cause to the Court upon the following agreed facts:

1. The plaintiffs are and were on the 1st day of January, 1897, and have been at all times since said date, residents and citizens of the county of Pitt, State of North Carolina.

2. That defendant is a corporation duly incorporated under and in pursuance to the laws of the State of Connecticut.

3. That on the 15th day of September, 1898, the defendant issued to the plaintiffs its policy of insurance, a copy of which is attached to the complaint herein and made a part

of this case. That said contract of insurance was made under sec. 8, chap. 299, of the Laws of 1893, of the State of North Carolina.

4. That on the 2d day of March, 1899, the property covered by and described in the said policy of insurance was destroyed by fire.

5. That on the 15th day of March, 1899, the amount for which the defendant was liable to pay the plaintiff under the terms of said policy was ascertained and adjusted pursuant to the terms of said policy to be $830.

6. That the Philadelphia Textile and Machinery Company, a corporation of the State of Pennsylvania, having its principal place of business in the city of Philadelphia, instituted an action in the Court of Common Pleas No. 4, of the said city of Philadelphia, against the plaintiffs Strause Bros., for the recovery of the sum of $5,740, alleged to be due said corporation by said Strause Bros.; and on the 8th day of March, 1899, being the date of the institution of said suit, caused to be issued from the said court a warrant of attachment and garnishment, a certified copy of which is attached to the answer herein; that said warrant of attachment was served on the 8th day of March, 1899, in the manner set forth in the return of the officer making such service; said warrant of attachment and garnishment, together with said return, is hereto attached and made a part of this case. That no affidavit showing that plaintiffs herein had any property in the State of Pennsylvania was filed before issuing the writ of attachment or garnishment.

7. That no service of summons in said proceedings has ever been made in any manner upon the plaintiff herein.

8. That the defendant, at the time of the service of said attachment and garnishment, had no property in hands belonging to the plaintiff subject to be attached or garnished unless

the Court shall be of the opinion that the debt thereafter to become due and payable to the plaintiff under said policy of insurance was the subject of attachment and garnishment in Pennsylvania.

9. That the statute in force in the State of Pennsylvania, entitled "Foreign Attachment," set forth in Vol. I, p. 822, Brightley's Purdon Digest, is made a part of this case.

10. That the statute in force in said State of Pennsylvania, prescribing and regulating the manner in which foreign or non-resident insurance companies shall enter into and conduct business in said State, entitled Insurance, set forth in Vol. I, p. 903, Brightley's Purdon Digest, is made a part of this case.

11. That the statute in force in said State of Pennsylvania, entitled, "An act to prohibit foreign corporations from doing business in Pennsylvania, without having known places of business and authorized agent," being Act No. 33, is made a part of this case.

12. That the defendant, prior to the 1st day of January, 1897, had complied with the provisions of said statutes, and on and before the 8th day of March, 1899, was doing business in the said State of Pennsylvania; and Edward J. Durban was, on said day, the duly authorized agent of the said defendant, appointed pursuant to the provisions of the said statutes; and said warrant of attachment or garnishment was served on said agent as set forth in the return thereto.

13. That upon the service of said warrant or garnishment the defendant employed counsel residing in the said city of Philadelphia, and practicing in said Court of Common Pleas, to enter an appearance for the defendant, and make all legal defenses thereto; and said attorney has been and is now representing said defendant in said proceeding.

15——126

STRAUSE *v.* INSURANCE CO.

14. That immediately after the said warrant of attachment or garnishment was served as hereinbefore set forth, and before the institution of this action, the defendant notified the plaintiff thereof by letter.

15. That the said Court of Common Pleas is a court of general jurisdiction of the city of Philadelphia, said State.

16. That on the 8th day of December, 1899, judgments for default of appearance was rendered against the plaintiffs, Strause Bros., and in favor of the said Textile and Machinery Company by the said Court of Common Pleas, a certified copy whereof is hereto attached and made a part of this case.

17. That the plaintiffs are perfectly solvent, and deny that they owe the Philadelphia Textile and Machinery Company anything.

The defendant pleads and relies upon the pendency of said suit and attachment or garnishment proceeding in said Court of Common Pleas No. 4, and prays the Court to continue further proceedings in this action until final determination of said action or proceeding; and, further, that the defendant may have the benefit of the plea of the pendency of said suit in abatement or bar of this action.

It is, therefore, agreed that if the Court shall be of opinion with the defendant upon said plea, and the foregoing facts, it shall grant such relief to the defendant as it may be entitled in the premises, and shall enter judgment accordingly; otherwise judgment shall be rendered for the plaintiff for the amount set out in the complaint, interest and costs.

Either party shall have the right to appeal.

SKINNER & WHEDBEE,

AYCOCK, FLEMING & MOORE,

*Attorneys for Plaintiff.*

H. G. CONNOR & SON,

*For Defendant.*

*Judgment.*

. This cause coming on to be heard upon the facts agreed, and the Court being of opinion with the plaintiff, it is considered and adjudged by the Court upon the agreed facts, that the plaintiffs recover of the defendant the sum of $830.23, with interest from the 15th day of May, 1899, and the costs of this action, to be taxed by the Clerk.

W. A. HOKE,
*Judge Presiding.*

Defendant appealed.

. *Messrs. H. G. Connor & Son, Burwell, Walker & Cansler,* and *Jarvis & Blow,* for appellant.

*Messrs. Aycock, Fleming & Moore,* for appellee.

CLARK, J.   The defendant is a corporation chartered in Connecticut, and issued its policy of insurance to the plaintiffs, who are residents and citizens of this State, upon property located here.   The property was partially destroyed by fire during the existence of the policy, and the amount of the loss has been adjusted, in the manner required by the policy. This action is brought to recover that sum.   The only defense set up is that a creditor of the plaintiff in Pennsylvania has instituted an action against him in that State, and attached the liability of the defendant company to said plaintiff by reason of said loss, by garnisheeing the agent of the defendant in that State, which action was instituted before the beginning of this, and is still pending in the courts of that State, wherefore the defendant asks that this action be stayed till the determination of that.

. The courts of one State give full faith and credit to judgments rendered in another when jurisdiction has been obtained of the person or subject-matter, but when such is not

the case, the judgment of the foreign State is treated as a nullity; so the sole question here is whether the Pennsylvania court has acquired jurisdiction by such garnishment (for there was no personal service upon plaintiffs), since if it has not, then as the judgment, if it shall be rendered adversely to these plaintiffs, will be a nullity, a stay of proceedings in the courts here will be useless.

It is true that under the Pennsylvania statute the defendant, a Connecticut corporation, is required to appoint a resident agent in that State upon whom process can be served, and this is a condition which that State can exact of nonresident corporations, but that only renders the Connecticut corporation suable in Pennsylvania, by giving personal service upon its agent. It does not carry the *situs* of the debt it owes to the plaintiffs to Pennsylvania, and make the plaintiffs Strause suable in Pennsylvania, because their debtor, the defendant company, can be sued there for their own indebtedness to a plaintiff. If suability of the defendant were the test the plaintiffs could be sued in every State and in every foreign country where their debtor has an agency. Many courts deny that a creditor can be brought into court by attaching a debt due to him, and it is certainly not very logical that a debt should have a *situs* where the debtor resides, for the debt is property of the creditor, not of the debtor. Some courts, however, have gone that far, including the courts of this State, but none have gone so far as to hold that debts may be ambulatory, and wellnigh ubiquitous in this case, by having a *situs* wherever the debtor has an agent who can be served with process for its own indebtedness. An attachment could be levied in Pennsylvania only upon property of the defendant in such action, and these plaintiffs had no property in that State, and the debt due them by the Connecticut cor-

poration was not in the hands of such company's local agent in Pennsylvania.

To put it as strongly as possible, suppose the defendant was a natural person, a citizen and resident of Connecticut, and was temporarily in Philadelphia, so that he could be personally served with process for his own indebtedness to a plaintiff, would that make him liable to garnishment by any-one holding a claim against those whom he owed? This question has often arisen and has uniformly been decided in the negative. *Balk v. Harris,* 124 N. C., 468, and numerous cases cited at pp. 469, 471. Even if the defendant company had become "domesticated," or had taken out incorporation in Pennsylvania, the Pennsylvania corporation would simply be an affiliated company, and would not swallow up or be substituted for the Connecticut corporation which owes these plaintiffs, and the *situs* of whose indebtedness as such would not be affected, however it might be as to their transactions and indebtedness arising in Pennsylvania.

The very point was decided in *Bank v. Blaecker,* 72 Minn., 383; 42 L. R. A., 283, where it is said: "The garnishee has filed the stipulation required by the statute, has established local agencies, and has been insuring property in this State. This did not ,in our opinion, give the garnishee a domicile in this State for all purposes, or bring into this State the *situs* of debts which it owes elsewhere by reason of business transacted elsewhere. Neither the creditor nor the debtor resided in this State. None of the transactions out of which the indebtedness arose took place in this State, and the indebtedness was not payable in this State. Under these circumstances the debt has not a *situs* in this State. *Remiers v. Seatco Manufacturing Co.,* 70 Fed. R., 573; *Douglas v. Phoenix Insurance Co.,* 70 N. Y., 209; *Douglas v. Phoenix Insurance Co.,* 20 L. R. A., 118; *Renier v. Hurlbut,* 81 Wis., 24; *L. & M.*

*R. R. Co. v. Dooley,* 78 Ala., 524; *Wright v. Chicago B. & O.
R. R.,* 19 Neb., 175; *Keating v. Am. Ref. Co.,* 32 Mo. App.,
293."

The Supreme Court of Wisconsin, in *Renier v. Hurlbut,*
cited above, says: "It is obvious, that if the indebtedness of
the Boston Company to Mrs. Renier had any *situs* outside
of Wisconsin for the purposes of garnishment, it was at the
home office of that company in Massachusetts; certainly not
with the respective agents of that company wherever located
in the several States." This same view is taken and strongly
reinforced in *Bank v. Furtick,* 44 L. R. A., 115, decided by
the Delaware Court of Appeals in 1897. In that case, the
Court says: "True, the garnishee is a corporation doing bus-
iness in this State, but the debt due the defendant arose from
its contract for insurance made through its agency in South
Carolina with the defendant, a citizen of that State, and con-
cerning property situated there, and was payable there,   *   *
and is not such a credit or property within this State as will
confer jurisdiction. To take any other view would be to hold
that it existed, had its *situs,* and was liable to attachment
in every State in this Union where the defendant happened
to have an officer upon whom process could be served as a con-
dition precedent to its being permitted to do business in such
State."

Upon the argument that because the defendant is suable in
Pennsylvania by service upon its local agent, that, therefore,
the plaintiff, as a creditor of the defendant, is suable also in
that State, it may be said, following the Minnesota case above-
cited, that while Strause might have sued the Connecticut
company in Pennsylvania by serving his summons upon its
agent in Pennsylvania (by service upon the Insurance Com-
missioner in Minnesota, as required by its laws), this does not
prove that the debt had a *situs* in Pennsylvania. Such action

would be *in personam* and not *in rem,* and it would be immaterial where the *situs* of the debt would be.   Besides the creditor may give the debt a *situs* there, for it naturally follows his person, and he can take it anywhere, but a third person claiming to be a creditor of the creditor can not do this. He has no power to change the *situs* of the debt or give it a *situs* where it would otherwise be.

Statutes requiring domestication, or the appointment of a local agent by non-resident corporations, as prerequisites to doing business in a State, enable any plaintiff to get personal service upon such corporation in an action upon its liabilities to such plantiff, but it does not remove the corporation's property to such State nor the *situs* of its debts, which have been created elsewhere, and it is only upon the latter ground that the indebtedness of the defendant, a Connecticut corporation, to the plaintiffs could be attached in Pennsylvania.

In *Boyd v. Insurance Co.,* 111 N. C., 372, the point now presented was not discussed nor adjudicated, nor indeed does it appear that the insurance company, the garnishee, was not a Virginia company, which would have made the *situs* of the debt there and attachable.   At any rate the validity of the attachment was not questioned. *Chicago R. Co. v. Sturm,* 174 U. S., 710, also relied upon by defendant, does not apply, for it is not contended that the defendant here is a Pennsylvania corporation.