SEXTON v. PHOENIX INS. CO.

(Filed February 24, 1903.)

1. ATTACHMENT—*Garnishment*—*Situs of Debt — Contracts—Insurance.*

For the purposes of an attachment the *situs* of a debt is where either the debtor or the creditor resides.

2. ATTACHMENT—*Garnishment—Insurance.*

An unadjusted and unliquidated claim for a loss under a policy of insurance against fire is subject to attachment in the hands of the insurance company.

3. EXEMPTIONS—*Attachment—Insurance.*

The exemption laws of this state are a protection only against executions issued here, and have no extraterritorial effect.

ACTION by S. L. Sexton against the Phœnix Insurance Company, heard by Judge *Frederick Moore* and a jury, at October Term, 1902, of the Superior Court of WASHINGTON County. From a judgment for the defendant, the plaintiff appealed.

*H. S. Ward,* for the plaintiff.
*W. M. Bond,* and *F. H. Busbee & Son,* for the defendant.

CLARK, C. J.   The plaintiff's property was destroyed by fire while insured in defendant company, whose home office is in New York.   There has been no denial of liability on the part of defendant, and, after the loss but before adjustment of the amount due therefor, the indebtedness of said company was attached in New York by a creditor of the plaintiff under proceedings regular in form, and judgment recovered to the full amount due upon the policy by reason of the loss accruing from said fire.

The only questions arising upon this appeal are based upon the validity or invalidity of the New York judgment, payment upon execution issued thereon being pleaded by the defendant in bar to this action.

1. The *situs* of the debt to the plaintiff from the defendant was in New York, so far as to authorize process of attachment or garnishment to be taken out in that State.   *Balk v. Harris,* 124 N. C., 467; 45 L. R. A., 257; 70 Am. St. Rep., 606, where the subject is fully discussed; *Cooper v. Security Co.,* 122 N. C., 463; *Winfree v. Bagley,* 102 N. C., 515; *Railroad v. Sturm,* 174 U. S., 710.   The recent case of *Strause v. Ins. Co.,* 126 N. C., 223; 48 L. R. A., 451, held that such indebtedness could not be attached in a State other than the residence of the debtor (or of the creditor), because it could have no *situs* in such other State, notwithstanding the debtor might have established an agency there.

2. The attachment taken out in New York, subsequent to the loss under the policy, though prior to an adjustment, is valid.   Drake on Attachments (5th Ed.), Sec. 549; *Ins. Co. v. Connor,* 20 Ill. App., 305; *Knox v. Ins. Co.,* 9 Conn., 430; 25 Am. Dec., 33; *Fisher v. Consequa,* 9 Fed. Cas., 120; *Ins. Co. v. Willis,* 70 Tex., 12; 8 Am. St. Rep., 566.   The substance of these and other cases is thus stated in *Ins. Co. v. Field,* 45 Pa. St., 129: "An unadjusted and unliquidated claim for a loss under a policy of insurance against fire is

subject to attachment in the hands of the insurance company."
An attachment proceeding is in effect "an action by the principal debtor (the defendant in the action) in the name of the plaintiff (the attaching creditor) against the garnishee;" *Balk v. Harris, supra;* and therefore the amount due can be ascertained in such action. In *Insurance Co. v. Moore,* 63 Miss., 419, it was held that such liability after loss can be attached before adjustment, even when the insurance company denies any indebtedness to the assured. Here, it affirmatively appears that the company admitted its indebtedness and that the amount thereof even was undisputed. In *Peace v. Jones,* 7 N. C., 256, notes not yet due were held liable to garnishment. Where the contrary doctrine to the above decisions is held, it is based upon the wording of a local statute different from that in New ork. The loss is not a contingent liability, which is not attachable, but a *prima facie* liability, and the liability and its amount are ascertainable in the attachment proceeding.

3. The plaintiff could not have set up his claim of a personal property exemption in the New York action, and the defendant is protected by that judgment and payment thereunder. Exemption laws are a protection only against executions issued in the State where the claimant resides. They have no extra territorial effect. *Balk v. Harris,* 122 N. C., 64; 45 L. R. A., 257, citing *Railroad v. Maggard,* 6 Col. App., 85; Story on Conflict of Laws, Sec. 539. "Exemption laws are not a part of the contract; they are a part of the remedy and subject to the law of the forum." *Railroad v. Sturm,* 174 U. S., 710, and cases there cited; Freeman on Executions, Sec. 209.

No Error.