PARKS-CRAMER COMPANY v. SOUTHERN EXPRESS COMPANY.

(Filed 16 May, 1923.)

**Summons — Process — Attachment — Corporations — Shares of Stock— Courts—Jurisdiction—Statutes.**

Where a nonresident express company doing business in this State, and having property herein, incurred a liability to its shipper for breach of its contract for the transportation and delivery of a shipment, and afterwards became absorbed in another nonresident corporation carrying on the same business with the same property and stock of the selling (debtor) company in the one continuing to do business here is subject to attachment under the provisions of our statute, C. S., 816, 817, 819 *et seq.*, where the cause of action arose here; and the fact that the certificates of stock are not physically in the jurisdiction of the courts of this State is immaterial.

STACY, J., dissenting.

APPEAL by defendant from *Ray, J.*, at September Term, 1922, of MECKLENBURG.

This was an action to recover $70 damages for breach of contract in the transportation and delivery of an express shipment from Philadelphia, Pa., to Charlotte, N. C., commenced before J. W. Cobb, justice of the peace for Charlotte Township, by suing out a warrant of attachment against the property of the defendant in this State on which there was an order of publication of summons and notice of attachment which the constable delivered to the local agent of the American Railway Express Company. There was an agreement between counsel, filed in the record, that the defendant, the Southern Express Company, admits that it owns shares of stock of the par value of $1,600,000 in the American Railway Express Company, but none of the certificates representing said stock are present in this State. The defendant, through its counsel, entered a special appearance for the sole purpose of moving to dismiss the action for lack of jurisdiction upon the ground that there had been no legal service of process upon the defendant, and as a basis of his motion filed in court, an affidavit by its president to the effect that said defendant was a corporation in the State of Georgia, and is not incorporated under the laws of this State, and has had no officer, agent, or property within this State since prior to the institution of this action, and also filed an affidavit on the part of the American Railway Express Company to the effect that that company is a corporation organized under the laws of the State of Delaware, has its principal office there where its stock books are kept and is not incorporated in this State.

The court overruled the defendant's motion to dismiss for lack of jurisdiction, and the defendant excepted. The case was tried and judgment rendered by the justice of the peace against the defendant, who appealed to the Superior Court. In the latter court the defendant entered a special appearance, and again moved to dismiss for lack of jurisdiction.

The motion was denied, and the defendant excepted. Upon the trial there were sundry exceptions, as set out in the record. Verdict and judgment in favor of the plaintiff for $70, with interest from 2 October, 1917, and the costs. Appeal by defendant.

*Hamilton C. Jones for plaintiff.*
*Cansler & Cansler for defendant.*

CLARK, C. J. It appears in the evidence that the defendant Southern Express Company was engaged for a number of years in business in this State; that on 1 July, 1918, said company sold out its business here to the American Railway Express Company, the defendant prior to that time having incurred debts and liabilities in this State, among them, as the plaintiff alleges, $70, the amount sued for in this action for breach of contract in a transportation and safe delivery of certain thermometers shipped by the Philadelphia Thermometer Company to the Stuart W. Cramer Company in Charlotte.

Prior to the transfer of the property of said defendant Southern Express Company to the American Railway Express Company, the defendant was notified of plaintiff's claim, and prior to such sale by the defendant to the American Railway Express Company, and prior to the beginning of this action, the plaintiff Parks-Cramer Company purchased the business and claims of the Stuart W. Cramer Company, among them the cause of action in this suit. On 23 September, 1920, plaintiff brought this action under C. S., 816, 817, 818, and 819, attaching the stock of the Southern Express Company in the American Railway Express Company and serving the summons upon the agent of the latter company in the manner authorized by said sections. The defendant took no exception to the manner of service, but resisted the attachment upon the ground that the sections of the Consolidated Statutes above referred to did not authorize such attachment, and if it did attempt to do so, the Legislature of this State had no authority to so enact.

When the case was called for trial in the court of the justice of the peace, the defendant moved to dismiss upon that ground, which motion was overruled, and the plaintiff recovered judgment for $70, interest and costs. The defendant excepted and appealed. On appeal the defendant, again appearing specially, moved to dismiss upon the same ground, which was denied. Upon the trial there was a verdict and judgment in the same amount, and the defendant appealed.

The chief point contested is the right to attach shares of stock of a nonresident in any association or corporation, whether foreign or domestic, for the purpose of acquiring jurisdiction. The defendant company, which has been incorporated in Georgia but not in this State, admits

that it owns $1,600,000 of the capital stock of the American Railway Express Company, which, incorporated in Delaware, but not in this State, is doing business here.

C. S., 816, provides: *"All property liable to attachment.* The rights or shares of the defendant in the stock of any association or corporation with the interest and profits therein, and all other property in this State of the defendant, are liable to be attached, levied on and sold to satisfy the judgment and execution." C. S., 817, provides how an attachment shall be levied upon any rights, shares, or any debts or other property incapable of manual delivery to the sheriff shall be made, but as to this there is no contest in this action. In that section it is provided: "Such service can be made in respect to a foreign corporation only when it has property within this State, or the cause of action arose, or the plaintiff resides in this State, or when the service can be made within the State preferably upon the president, treasurer, or secretary thereof." The plaintiff contends that the shares of stock of the defendant company in the American Railway Express Company are property within this State, though the certificates are not physically here, and further, that the cause of action arose here, and that plaintiff resides in this State. C. S., 818, is only as to certificate of defendant's interest to be furnished to the sheriff which is not contested here; and C. S., 819, is as to the mode of proceeding against garnishee, as to which also there is no contest.

The real point in controversy is whether shares of stock owned by the Southern Express Company, a nonresident corporation, in the American Railway Express Company, doing business here, is property which can be attached in this State as the basis of jurisdiction in an action by the plaintiff, a resident here, for a cause of action which arose here, when the certificates of stock are not physically in this State.

The intention of the Legislature, as clearly expressed, C. S., 799 (2), was to authorize the attachment of stock in foreign corporations, and also in the case of individuals or domestic corporations which are removing their property from the State with the intent to defraud creditors or doing any other act for which attachment would lie, and to authorize the attachment of stock in domestic corporations also. It seems to us that C. S., 816, means that, as it clearly says: "The rights or shares of the defendant's stock in any corporation or association are liable to be attached." That is, in the present case the shares of the Southern Express Company in the American Railway Express Company are subject to attachment, and have been legally attached in this case, and the court has thereby acquired jurisdiction in favor of the plaintiff resident here of a cause of action against the defendant which arose in this State.

C. S., 816, covers this case where the stock in the American Railway Express Company was issued in exchange for assets of the Southern

Express Company, which were liable for payment of the plaintiff's debt before the transfer by the Southern Express Company of this and all other of its property here to the American Railway Express Company. The defendant, formerly doing business here, and having incurred the liability for which this action is brought, cannot avoid liability, therefore, by selling its assets here to another company and transferring to such other company its assets here in exchange for the stock issued to such debtor company by the American Railway Express Company.

The defendant relies chiefly upon *Evans v. Monot,* 57 N. C., 227, for its contention that shares of stock owned by nonresidents in a foreign corporation cannot be attached in an action in this State for the reason, if for no other, that that decision was rendered before the passage of C. S., 816-819, under which the attachment in this case was issued.

In *Evans v. Monot, supra,* the Court held that the stock of a nonresident in a North Carolina corporation could not be attached, but C. S., 816, enacts that it can be under our present statute. In *Cooper v. Securities Co.,* 122 N. C., 463, it was held that unpaid subscriptions of the resident stockholders to the capital stock of a foreign corporation is subject to attachment, although in *Evans v. Monot, supra,* prior to the present statute, had held that the stock of a nonresident in a North Carolina corporation could not be attached. In *Cooper v. Securities Co., supra,* it was held that under C. S., 218 (1), unpaid balances due a foreign corporation under subscriptions to stock by subscribers residing here is property of such corporation for the payments of its debts. The language of the Court is as follows: "This State, however, is one of those which holds that (under our statute, Code, 218 (1), and 363 *et seq.*) the indebtedness in the hands of the debtor may be attached."

It would seem further to be clear that the stock of the defendant Southern Express Company in the American Railway Express Company is property within this State, and, therefore, liable to attachment here.

The American Railway Express Company owns all the equipment, trucks, franchises, etc., formerly owned by the Southern Express Company in this State, and in many places is doing business in the same building. For this property the Southern Express Company received the stock which it now holds in the American Railway Express Company.

In the case relied on by the defendant, *Evans v. Monot, supra,* it was said: "A share of the stock of the corporation is a thing incorporeal— a mere right—which entitles its owner to participate in the general management of the concerns of the corporation by being a member; in the meetings of the stockholders to elect officers and do other acts of the kind; to demand and receive from the corporation a dividend of profits, whenever dividends are declared, and to demand and receive a portion of whatever may be on hand at its dissolution."

This right attaches to every part of the corporation property, and to every activity of the corporation, so the question of the physical presence or nonpresence of stock in North Carolina does not in any wise affect the rights and interest of the Southern Express Company in the American Railway Express Company, which is doing business in this State. The certificate of stock is nothing more than evidence of the interest held by the Southern Express Company in the American Railway Express Company, and as the appellant admits its ownership of such interest in the agreed statement of facts, the physical presence of the stock in North Carolina is unnecessary.

The defendant relies upon Laws 1921, ch. 94, which amends C. S., 817, by expressly providing that shares of stock held by a nonresident debtor in a resident corporation of this State may be attached, as an implied authority that if the stock is held in a foreign corporation doing business here it cannot be attached; but we do not think that that was the purpose or the effect of the act of 1921, which was intended simply to make it plainer that the stock of a nonresident in a North Carolina corporation could be attached under C. S., 817.

The defendant contends that the Legislature cannot grant the court power to attach property beyond the limits of this State. If it were true that stock owned by a nonresident is not attachable here, the act of 1921 just cited is ineffectual, for whether the stock attached is that of a domestic corporation of this State or a foreign corporation, in either event, if the owner is a nonresident, the certificates of stock would not be physically liable in this State.

The American Railway Express Company, in which the defendant owns stock, though not a North Carolina corporation, is permitted to do business in this State, and it must do so upon the conditions fixed by the Legislature. The American Railway Express Company is doing business in North Carolina, and is fixed with the knowledge that C. S., 816 and 817, authorize the attachment of the stock of the nonresident defendant.

In Rood on Attachments, 24, it is said: "Foreign corporations are liable to be charged as garnishees the same as domestic corporations without an express statute"; and here our statutes, C. S., 816 and 817, specifically authorize the attachment in this case.

It is well settled that shares of stock in a corporation may be attached by a garnishment process served upon such corporation. Shinn on Attachments and Garnishees, column 2, page 869.

In *Sexton v. Ins. Co.,* 132 N. C., 1, this Court held that the *situs* of corporate stock for the purpose of attachment is either the domicile of the creditor or debtor.

The defendant cites cases that the *situs* of the stock of corporations is either the domicile of the corporation in which the stock is held or the

PARKS v. EXPRESS CO.

domicile of the corporation owning the stock, but they are cases as to the *situs* of the stock for the purpose of taxation, and the authorities cited by the defendant seem conclusive of that proposition that the stock can be taxed either where the owner resides or where the corporation has its domicile, but the point now before us is the attachment of the property in this State as authorized by our statute, C. S., 816, 817, 818, and 819, which are explicit that this attachment will lie.

In *Harris v. Balk*, 198 U. S., 215, which was carried up by writ of error from this State, where a citizen of North Carolina owed money to another citizen of this State, and was garnisheed by a creditor of the man to whom he owed the money while such debtor was temporarily in Maryland, it was held that as under the laws of Maryland the garnishee could have been sued by his creditor in the courts of that State he was subject to garnishee process when served in that State, even though only there temporarily, no matter where the *situs* of the debt was originally. That decision was placed upon the ground which would seem conclusive of the jurisdiction in this case, to wit: that "attachment is the creature of the local law, and power over the person of the garnishee confers jurisdiction in the courts of the State where the writ issued." In the present case the American Railway Express Company, though incorporated in Delaware, was doing business in this State and subject to its jurisdiction. The shares of stock held by the defendant in that company was an obligation of the company doing business here due to its stockholder. It was the "property of the stockholder in the hands of the company doing business here."

Whether it be treated as a liability or obligation of the company issuing the stock, or as an interest which the defendant owns in that company and its assets here, it was the "property" of the defendant, and in either event it was subject to payment of the debts of the defendant stockholder.

In 2 R. C. L., 820, it is stated that shares of stock owned by a nonresident in a foreign corporation cannot be reached by process of attachment, although the officers of the corporation are within the State, and the business of the corporation is being carried on here, saying: "The *situs* of the stock for the purposes of attachment and execution is the domicile of the corporation, and that place only. And for this purpose a corporation is deemed to have but one legal residence, and that is within the State or sovereignty creating it, although by comity it may be allowed to do business through its officers or agents in other jurisdictions." For this statement there is cited only one authority, *Ireland v. Globe Milling Co.,* 19 R. I., 180.

But, as we have seen, under our statute, C. S., 816-819, and Laws 1921, ch. 94, shares of stock owned by a nonresident debtor are attachable here.

28—185

There are other exceptions which were taken during the trial on the merits, but they do not require discussion. The real question before us is that discussed above as to whether the stock of a nonresident of this State is a corporation doing business here, though not incorporated in this State, is the subject of attachment. After the fullest consideration, we think that in the trial below there was

No error.

STACY, J., dissenting.