### MEDOIL CORP., and Evangelos Karvounis, Plaintiffs,

### v.

### Otto CLARK, Pieter Danielsson, and Sven Philip Sorensen, Defendants.

### No. C–C–90–98–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Oct. 30, 1990.

Mark C. Kurdys, Hedrick Eatman Gardner & Kincheloe, Charlotte, N.C., Robert A. Milana, Kirling Campbell & Keating, New York City, for plaintiffs.

Peter B. Shaeffer, Chicago, Ill., for defendants.

### ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Plaintiffs' motion, filed October 26, 1990, for an order of attachment on White Business Machine stock owned by Defendants Danielsson and Sorensen.

Plaintiffs have filed a complaint alleging that Defendants are co-conspirators in an international securities fraud swindle which damaged Plaintiffs and others. Plaintiffs contend that Defendants Danielsson and Sorensen are foreign nationals that own shares of stock in White Business Machine (hereinafter "White"), a privately held corporation with its principal place of business in Charlotte, North Carolina. Plaintiffs seek an order of attachment to preclude Defendants from transferring their ownership interest in White to another corporation in an effort to defeat Plaintiffs' efforts to enforce a future award.

Rule 64 of the Federal Rules of Civil Procedure directs the Court to look to state law in a proceeding to attach property. The applicable North Carolina provision for attachment is found at North Carolina General Statute § 1–440.4. That statute provides:

> **Property subject to attachment.** All of a defendant's property within this State which is subject to levy under execution, or which in supplemental proceedings in aid of execution is subject to the satisfaction of a judgment for money, is subject to attachment under the conditions prescribed by this Article.

Plaintiffs do not request that the Court order that Defendants' stock certificates be attached. In fact, there is no indication

from Plaintiffs' motion or the record that Defendants' stock certificates are present in this state and thus within this Court's attachment jurisdiction. Instead, Plaintiffs contend that the intangible ownership interest of Defendants in White Business Machine which is located in this state is subject to attachment.

In support of their contention, Plaintiffs have cited a 1923 North Carolina Supreme Court case. In *Parks–Cramer Co. v. Southern Express Co.*, 185 N.C. 428, 117 S.E. 505 (1923), the plaintiff Parks–Cramer sought to attach stock of American Railway Express Company which was owned by defendant Southern Express. American Railway had purchased the business of Southern Express shortly after Southern Express breached its contract with Parks–Cramer. The stock certificates that Parks–Cramer sought to attach were not located in North Carolina. Nonetheless, the court held that the stock of a nonresident of North Carolina doing business in the state is subject to attachment despite the certificates being located out of the state. *Id.* at 434, 117 S.E. 505. The court reasoned that certificates of stock are merely evidence of ownership and their physical presence in the state is unnecessary to the right to attach said stock. *Id.*

This Court does not find the case to be persuasive as applied to the facts of this case. First, the case is a 1923 case that has not been cited by one other court. *See Shepards' North Carolina Citations.*

Second, the shares of stock sought to be attached were shares from the subsequent owner of the defendant. Therefore, the North Carolina Supreme Court was essentially holding that it was appropriate for shares of a party to the action be attached even if the certificates are not located in North Carolina. In this case, Plaintiffs request that the Court attach the ownership interest in a non-party. The Court questions whether it has jurisdiction to enter such an order without acquiring juris-

diction of White. The Court believes that an attachment in this instance, despite Plaintiffs' assurance to the contrary, might seriously impede White's ability to carry on its business in a normal fashion.

Third, the *Parks–Cramer* case relied on an attachment statute that has since been superseded by N.C.Gen.Stat. § 1–440.19 which provides in pertinent part:

> **Levy on stock in corporation.** (a) The sheriff may levy, as on tangible property, on a share of stock in a corporation *by seizing the certificate of stock* (1) when the certificate is in the possession of the defendant ... (emphasis added).

The statute does not envision an attachment of an intangible ownership interest. Instead, the statute clearly and unambiguously provides that the proper means to attach stock of a corporation is for the sheriff to seize the stock certificate.

For the reasons stated herein, the Court believes Plaintiffs' reliance on *Parks–Cramer* is misplaced.[1] Moreover, the Court believes that there is a serious logistics problem in Plaintiffs' approach to attachment. In particular, the Court is uncertain as to exactly who would be served with an order attaching Defendants' stocks. The Court does not believe that White is the correct party to be served because it is a non-party to this action, and it has no control over what Defendants choose to do with their stock. If Defendants are the correct party to be served, then the logical question the Court must ask is why have not Plaintiffs located the stock certificates and attempted to attach the actual certificates in the jurisdiction in which they are located?

The Court believes Plaintiffs are attempting to use the North Carolina attachment statute in a means that was never contemplated by the drafters of the statute. There are other means available to Plaintiffs to accomplish what Plaintiffs are attempting to do. Given that fact, the

---

1. Likewise, the Court does not believe that the 1975 District Court of Delaware case that Plaintiffs have cited is persuasive. In that case, the Delaware attachment statute explicitly provided that the situs of stock of Delaware corporations was Delaware for purposes of attachment. *Baker v. Gotz*, 387 F.Supp. 1381, 1391 (D.Del.1975). The North Carolina statute has no such provision.

Court is not comfortable with interpreting the attachment statute in a manner that is inconsistent with its clear language.

NOW, THEREFORE, IT IS ORDERED that Plaintiffs' motion for an order of attachment on White Business Machine stock owned by Defendants Danielsson and Sorensen be, and hereby is, DENIED.